BEAN *v.* McFARLAND.

1. .HUSBAND AND WIFE—ALIENATION OF AFFECTIONS—CRIMINAL CONVERSATION.

Alienation of affections and criminal conversation are separate and distinct wrongs.

2. SAME—CRIMINAL CONVERSATION—COMMON LAW.

A civil action to recover damages for criminal conversation was afforded at common law.

3. SAME—ACTION FOR CRIMINAL CONVERSATION—STATUTES.

Abolition of common-law actions for alienation of affections, criminal conversation, seduction and breach of contract to marry by statute which contained proviso excepting application of act from "suits for alienation of the affections of a husband or wife against a defendant who is a parent, brother, sister or person *in loco parentis* of the plaintiff's spouse" *held,* not to have saved common-law action for criminal conversation to any one (Act No. 127, Pub. Acts 1935).

4. COMMON LAW—ABROGATION—CONSTITUTIONAL LAW.

Constitutional retention of the common law in this State is expressly conditioned upon right to abrogate the same or any part thereof (Const. 1908, sched. § 1).

Appeal from Oakland; Doty (Frank L.), J. Submitted April 21, 1937. (Docket No. 156, Calendar No. 39,509.) Decided May 21, 1937.

Action by Edgar H. Bean against William J. McFarland for damages for alienation of affections and criminal conversation. From order dismissing count of declaration charging criminal conversation, plaintiff appeals. Affirmed.

*Frederic T. Harward* and *George E. Day,* for plaintiff.

*Preston Allen* and *Sherman McDonald,* for defendant.

Wiest, J. Plaintiff brought this action against the stepfather of his wife, charging him, in the first count of the declaration, with alienation of the affections of his wife, and in the second count with criminal conversation. Upon motion of defendant the court struck out the second count and plaintiff prosecutes this appeal from the ruling.

Act No. 127, Pub. Acts 1935, abolished the common-law actions of alienation of affections, criminal conversation, seduction and breach of contract to marry, with this saving clause:

"Provided, however, That the provisions of this act shall not apply to suits for alienation of the affections of a husband or wife against a defendant who is a parent, brother, sister or person *in loco parentis* of the plaintiff's spouse."

The criminal conversation, averred in the declaration, was subsequent to the effective date of the act abrogating such an action.

Plaintiff contends that the relation of defendant to his wife saves the second count as well as the first.

Alienation of affections and criminal conversation are separate and distinct wrongs. *Perry* v. *Lovejoy,* 49 Mich. 529.

A civil action to recover damages for criminal conversation was afforded at common law.

Blackstone in the Commentaries (1768 Ed.), vol. 3, p. 139, states:

"Adultery, or criminal conversation with a man's wife, though it is, as a public crime, left by our laws to the coercion of the spiritual courts; yet, considered as a civil injury (and surely there can be no

greater), the law gives a satisfaction to the husband for it by an action of trespass *vi et armis* against the adulterer, wherein the damages recovered are usually very large and exemplary.''

The proviso is silent upon the abolished action of criminal conversation.

Counsel for plaintiff also contends that if the act be held to abolish the common-law action for criminal conversation it is unconstitutional. The Constitution of this State (1908) provides:

''The common law and the statute laws now in force, not repugnant to this Constitution, shall remain in force until they expire by their own limitations, or are altered or repealed.'' Sched., § 1.

This retention of the common law is expressly conditioned upon right to abrogate the same or any part thereof.

It is stated in 12 C. J. p. 186:

''The common law, or particular principles or rules thereof, may be expressly abrogated or repealed either by constitutional or statutory provisions.''

The action for criminal conversation is expressly abrogated in the body of the mentioned act, and not saved to any one in the proviso.

Affirmed, with costs to defendant.

FEAD, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.