QUINLAN v. GUDES.

1. LIMITATION OF ACTIONS—EFFECTIVE DATE OF STATUTE—ACCRUED RIGHTS.

Limitation of action contained in revised judicature act of 1961 does not govern rights accruing, accrued, or acquired prior to effective date of act, except as specifically stated or reasonably inferred from the provisions of the act (CLS 1961, §§ 600.5805, 600.5838, 600.9905, 600.9911).

2. SAME—MALPRACTICE—DISCOVERY.

Statute of limitations in action for malpractice in effect at time when alleged malpractice occurred and which had been interpreted as not starting to run until date of discovery, or date when, by the exercise of reasonable care, plaintiff should have discovered the wrongful act controlled right of action for malpractice and survived effective date of revised judicature act providing for 2-year statute beginning on date of last treatment (CLS 1956, § 609.13; CLS 1961, §§ 600.5805, 600-.5838, 600.9905, 600.9911).

3. PHYSICIANS AND SURGEONS—MALPRACTICE—X RAY—LIMITATION OF ACTIONS—DISCOVERY OF CANCER—SUMMARY OF JUDGMENT.

Action for damages for cancer, allegedly caused by X-ray treatments, begun within 2 years after discovery of cancer but more than 10 years after the last treatment of plaintiff held, improperly dismissed on motion for summary judgment, wherein action was governed by prior statute and plaintiff commenced action within the time allowed by the former statute (CLS 1956, § 609.13 and CLS 1961, §§ 600.5805, 600.5838, 600.9905, 600.9911).

Appeal from Wayne; Rashid (Joseph G.), J. Submitted Division 1 November 4, 1965, at Detroit.

REFERENCES FOR POINTS IN HEADNOTES

[1] 34 Am Jur, Limitation of Actions § 43.
Construction of statutes of limitation as regards their retrospective application to causes of action already barred.    67 ALR 297.
[2, 3] 34 Am Jur, Limitation of Actions § 43.
41 Am Jur, Physicians and Surgeons §§ 122, 123.

(Docket No. 776.)   Decided March 22, 1966.   Leave to appeal denied by Supreme Court May 25, 1966. See 377 Mich 712.

Complaint by James Francis Quinlan and Villana P. Quinlan against David S. Gudes for damages for injuries arising from excessive exposure to X rays.  Accelerated judgment for defendant. Plaintiffs appeal.  Reversed and remanded.

*E. R. Whinham, Jr.,* for plaintiffs.

*Moll, Desenberg, Purdy, Glover & Bayer. (Harold B. Desenberg,* of counsel), for defendant.

LESINSKI, C. J.  The plaintiffs, Villana P. Quinlan and her husband James F. Quinlan, commenced this action in the circuit court for the county of Wayne on December 15, 1964, to recover for injuries suffered "because of excessive exposures to X rays" given by the defendant medical doctor to Villana P. Quinlan for the treatment of facial skin eruptions. The defendant filed a motion for summary judgment[1] and for accelerated judgment[2] invoking the statute of limitations, CLS 1961, § 600.5805 (Stat Ann 1962 Rev § 27A.5805), as an affirmative defense.  On the basis of the affirmative defense, the trial court granted defendant's motion and dismissed the case. From this ruling, appeal was taken.

In August of 1952 the plaintiff, Mrs. Villana Quinlan, sought out the defendant for treatments for her facial skin eruptions.  X-ray treatments were given to Mrs. Quinlan from August of 1952 through June of 1954.  In January of 1963 when she was operated on for cancer of the soft palate, the plaintiffs were informed by the surgeon who operated on Mrs.

---

[1] GCR 1963, 117.—REPORTER.
[2] GCR 1963, 116.1(5).—REPORTER.

Quinlan "that the cause of the cancer was the receiving of X-ray treatments." Suit for malpractice was begun 23 months after the discovery of the cancer.

The question facing this Court revolves around the effective date of the section limiting actions for malpractice found in the revised judicature act, hereinafter called RJA.[3] Plaintiffs contend that this cause of action, having arisen prior to January 1, 1963, the date the revised judicature act (RJA) went into effect (see CLS 1961, § 600.9911 [Stat Ann 1962 Rev § 27A.9911]), the action is controlled by the statute of limitations in effect at the time the cause of action arose, namely CLS 1956, § 609.13 (Stat Ann 1959 Cum Supp § 27.605). It is the defendant's contention, on the other hand, that since this action was begun in December of 1964, it should be controlled by the new statute of limitations created by the RJA, namely CLS 1961, § 600.5805 (Stat Ann 1962 Rev § 27A.5805) and by CLS 1961, § 600.5838 (Stat Ann 1962 Rev § 27A.5838).

This question must be considered the crux of the case as by its determination the remaining issue of when does the statute of limitations begin to run is readily resolved.

The effectuating clause of the RJA, CLS 1961, § 600.9911 (Stat Ann 1962 Rev § 27A.9911) states that "This act shall become effective on January 1, 1963." As of that date the various sections of the RJA were to be considered the law of this State, but as to a right accruing, accrued, or acquired prior to this date, the statute CLS 1961, § 600.9905 (Stat Ann 1962 Rev § 27A.9905[1]) states:

"Except as specifically stated or reasonably inferred from the *provisions of this act, this act shall*

---

[3] CLS 1961, § 600.101 *et seq.* (Stat Ann 1962 Rev § 27A.101 *et seq.*)

*not impair or affect any act done,* offense committed
or *right accruing, accrued* or *acquired,* or liability,
penalty, forfeiture or punishment incurred prior to
the time this act takes effect, but the *same may be
enjoyed,* asserted, enforced, prosecuted, or inflicted
as if the *act had not been passed."* (Emphasis sup-
plied.)

The treatments in this case were done and com-
pleted nine years prior to the effective date of the
RJA. Though the plaintiffs did not discover their
rights to a cause of action in this case until the
RJA was in effect, it is the Court's view they had
acquired these rights prior to January 1, 1963.

This Court deems this case to be of the exact
type contemplated by the legislature when it en-
acted CLS 1961, § 600.9905 (Stat Ann 1962 Rev
§ 27A.9905). It is, therefore, this Court's construc-
tion that this case is controlled by CLS 1956, § 609.13
(Stat Ann 1959 Cum Supp § 27.605) as to when the
statute of limitations began to run against the plain-
tiffs.

There are two basic theories of the running of
statutes of limitations in malpractice cases. The
first theory is the "last treatment"[4] rule. This
theory contemplates that the statute of limitations
in malpractice actions begins to run as soon as the
plaintiff discontinues receiving treatments or serv-
ice from the accused professional.

The other theory commonly known as the "dis-
covery rule" was laid down in *Johnson* v. *Caldwell*
(1963), 371 Mich 368 as the rule in Michigan in mal-
practice cases prior to the institution of the RJA.
As Justice O'HARA stated in the *Johnson Case* at
page 379:

---

[4] The RJA, CLS 1961, § 600.5838 (Stat Ann 1962 Rev § 27A.5838)
has instituted the above-named rule for determining the running of
the statute of limitations in malpractice cases. It has been the de-
termination of this Court that this statute only affects those causes
of actions accruing after January 1, 1963.

"Simply and clearly stated the discovery rule is: The limitation statute or statutes in malpractice cases does not start to run until the date of discovery, or the date when, by the exercise of reasonable care, plaintiff should have discovered the wrongful act."

The Court continued at page 379:

"We are persuaded we should adopt the rationale of the discovery rule."

Thus, using the rule enunciated in the *Johnson Case,* the plaintiffs timely instituted this action within the limitation under CLS 1956, § 609.13 (Stat Ann 1959 Cum Supp § 27.605) which is two years from the time of discovery of the malpractice.

This cause is remanded to the trial court for entry of an order setting aside the accelerated judgment and for this cause to be set for trial. Costs to the appellant.

QUINN and WATTS, JJ., concurred.