DYKE v RICHARD

OPINION OF THE COURT

1. LIMITATION OF ACTIONS—MALPRACTICE—LAST TREATMENT—STATUTES—CONSTRUCTION.

A section of the Revised Judicature Act providing in part "[n]o person may bring or maintain any action to recover damages for injuries to persons * * * unless, after the claim first accrued * * * he commences the action within the periods of time prescribed by this section" and "[t]he period of limitations is 2 years for actions charging malpractice" must be read together with another section of that Act providing "[a] claim based on the malpractice of a person who is, or holds himself out to be, a member of a state licensed profession accrues at the time that person discontinues treating or otherwise serving the plaintiff in a professional or pseudo-professional capacity as to the matters out of which the claim for malpractice arose" (MCLA 600.5805, 600.5838).

2. STATUTES—COMMON LAW—LEGISLATURE.

A statute which expressly extinguishes a common-law right may be regarded as a proper exercise of legislative authority.

3. LIMITATION OF ACTIONS—REASONABLE TIME—CONSTITUTIONAL LAW —PROPERTY—DUE PROCESS.

A statute of limitations shall afford a reasonable time within which suit may be brought and a statute that fails to do this cannot possibly be sustained as a law of limitations, but would be a palpable violation of the constitutional provision that no person shall be deprived of property without due process of law; a statute which extinguishes the right to bring suit cannot be enforced as a law of limitation.

4. LIMITATION OF ACTIONS—MALPRACTICE—TOLLING OF STATUTE— COMMON-LAW ACTION—LEGISLATIVE INTENT.

Statute providing "[a] claim based on the malpractice of a person

REFERENCES FOR POINTS IN HEADNOTES

[1, 3–12] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 181–185.

[2] 50 Am Jur, Statutes § 467.

who is, or holds himself out to be, a member of a state licensed profession accrues at the time that person discontinues treating or otherwise serving the plaintiff in a professional or pseudo-professional capacity as to the matters out of which the claim for malpractice arose" is a statute of limitation which applies in every case except where the plaintiff does not know of his cause of action, or in the exercise of reasonable diligence could not ascertain within the two year period that he has a cause of action; the statute does not purport to abolish a common-law cause of action and the Michigan Supreme Court cannot ascribe any legislative intention to accomplish that end (MCLA 600.5838).

5. LIMITATION OF ACTIONS—MALPRACTICE—LAST TREATMENT—DISCOVERY OF MALPRACTICE.

An action based on malpractice by a state licensed person must be brought within two years of the time when such person discontinues treating or otherwise serving the plaintiff, or within two years of the time when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the asserted malpractice, whichever is later (MCLA 600.5805[3], 600.5838).

6. HOSPITALS—NEGLIGENCE—PHYSICIANS AND SURGEONS—EMPLOYEES—PLEADINGS—AMENDMENT OF PLEADINGS—COURT RULES.

Plaintiffs in an action against a hospital claiming that it should be regarded as a physician's employer and held responsible for any negligence on his part or on the part of other employees furnishing the emergency treatment to the plaintiff wife should be allowed to prove the relationship between the physician and the hospital and also the others asserted to be employees and demonstrate their duties and responsibilities in the premises; if the pleadings are inadequate to define the issues, they should be amended pursuant to a court rule providing for the amendment of pleadings (GCR 1963, 118).

7. LIMITATION OF ACTIONS—NEGLIGENCE—HOSPITALS—EMPLOYEES—PHYSICIANS AND SURGEONS.

Three year statute of limitations is applicable to injuries arising from the negligence of a hospital and its employees other than a physician (MCLA 600.5805).

DISSENTING OPINION

T. E. BRENNAN and M. S. COLEMAN, JJ.

8. LIMITATION OF ACTIONS—MALPRACTICE—DISCOVERY RULE—CONSTITUTIONAL LAW—LEGISLATURE.

*To elevate the discovery rule to constitutional status, concluding,*

*in effect, that no statute of limitations can bar a cause of action until the same has been discovered, or, in the exercise of reasonable diligence, should have been discovered is an unwarranted interference with the power of the Legislature.*

9. LIMITATION OF ACTIONS—DISCOVERY OF RIGHTS—ASSERTION OF RIGHTS—LEGISLATURE—STATUTES.

*The Legislature does have the power to declare the time within which rights must be discovered, as well as asserted, and judicial disagreement with the wisdom of such policy does not justify nullification of the statutes.*

DISSENTING OPINION

M. S. COLEMAN, J.

10. LIMITATION OF ACTIONS—MALPRACTICE—STATUTES—SUPREME COURT.

*Although individuals may differ as to the wisdom of the legislation on the period of limitations for malpractice, it is not the function of the Michigan Supreme Court to rewrite it (MCLA 600.5827, 600.5838).*

11. PHYSICIANS AND SURGEONS—MALPRACTICE—LIMITATION OF ACTIONS.

*Plaintiff's action would fail, even under a decision that an action in malpractice must be brought within two years after plaintiff discovers, "or in the exercise of reasonable diligence should have discovered, the asserted malpractice" because it is beyond comprehension that plaintiff could have been in such pain in the hip area as alleged and not have asked for X-rays and tests from one of the two doctors other than defendant who treated her after her emergency room admission to the hospital and suit was brought more than two years after defendant's treatment ended.*

12. LIMITATION OF ACTIONS—MALPRACTICE—STATUTES.

*The purpose of the statutes of limitation are to provide some reasonable time within which parties must act; they provide a reasonable balance of equities between those who assert a cause of action and those who must defend themselves; malpractice actions are provided legislatively and are limited legislatively.*

Appeal from Court of Appeals, Division 1, McGregor, P. J., and Fitzgerald and Quinn, JJ., af-

firming in part and reversing in part Washtenaw,
John W. Conlin, J. Submitted May 8, 1973. (No. 2
May Term 1973, Docket No. 54,129.) Decided De-
cember 21, 1973.

40 Mich App 115 reversed.

Complaint by Nelson R. Dyke and Ruth Dyke
against Esther Richard and Zeline Richard for
damages for injuries sustained in an automobile
collision, against Irving Feller for damages result-
ing from alleged malpractice and negligence, and
against St. Joseph Mercy Hospital for damages
resulting from alleged negligence. Accelerated
judgment for defendant Feller and summary judg-
ment for defendant hospital. Plaintiffs appealed to
the Court of Appeals. Affirmed as to defendant
Feller; reversed as to defendant hospital. Plaintiffs
appeal. Reversed and remanded.

*Newman & Mackay,* for plaintiffs.

*Roscoe O. Bonisteel* and *Roscoe O. Bonisteel, Jr.,*
for defendant Feller.

*Keyes, Creal & Hurbis,* for defendant St. Joseph
Mercy Hospital.

T. G. KAVANAGH, J. As stated by the trial court,
the facts giving rise to this case are as follows:

"Plaintiffs were involved in an automobile accident
near Ann Arbor on August 25, 1965, and received
injuries, which were treated at defendant St. Joseph
Hospital. The treating physician was defendant Dr.
Feller, who treated Ruth Dyke. This action was insti-
tuted against defendant Richard for negligence in the
operation of his vehicle, and against defendant Dr.
Feller for malpractice in failing to properly diagnose

the injuries to Ruth Dyke, and against the defendant Hospital on the theory that defendant Feller was its agent and that he, and the X-ray technician employed by the Hospital were negligent in failing to X-ray her pelvic area. She claims this negligence resulted in their failing to find she had suffered a fractured acetabulum as a result of the accident, and that such failure caused her additional damages."

Defendant Feller moved for accelerated judgment on the ground that suit was started over two years after the last treatment by him and was therefore barred by the statute of limitations MCLA 600.5805(3); MSA 27A.5805(3) and MCLA 600.5838; MSA 27A.5838. The trial court granted his motion. The trial court also granted defendant St. Joseph Hospital's motion for summary judgment on the basis that the only duty owed by the hospital was to take X-rays in accordance with the instructions of the attending physician, and that no claim was made that they did not do so or that they did so in a negligent manner.

We are first called upon to determine whether the effect of MCLA 600.5805 and MCLA 600.5838 is to abrogate the rule adopted in *Johnson v Caldwell,* 371 Mich 368; 123 NW2d 785 (1963), that the limitation statute in malpractice cases does not start to run until the date of discovery, or the date when, by the exercise of reasonable care, plaintiff could have discovered the wrongful act. It is not disputed that both sections must be read together:

"Sec. 5805. No person may bring or maintain any action to recover damages for injuries to persons * * * unless, after the claim first accrued * * * he commences the action within the periods of time prescribed by this section.

     *    *    *

"(3) The period of limitations is 2 years for actions charging malpractice."

"Sec. 5838. A claim based on the malpractice of a person who is, or holds himself out to be, a member of a state licensed profession accrues at the time that person discontinues treating or otherwise serving the plaintiff in a professional or pseudo-professional capacity as to the matters out of which the claim for malpractice arose."

Defendants Feller and the hospital maintain that this represents a clear legislative determination that the period prescribed in the statute is two years from the date of last treatment and is binding whether the party asserting the claim for malpractice knows about the malpractice or not.

The plaintiffs assert that the legislation was neither intended to nor should it properly be construed to have that effect. The time of accrual of a cause of action, the plaintiffs maintain, can never in due process, precede the awareness of the right, and consequently must be read to include a discovery provision.

Sections 5805 and 5838 were part of the Revised Judicature Act, 1961 PA 236 which was approved June 9, 1961 to become effective January 1, 1963. Section 5805(3) continued the malpractice limitation which had been established by 1905 PA 168. Section 5838 which specifies that a claim based on malpractice accrues at the time the claimant is last treated by the licensed professional, comports with the legislative comment accompanying it, *viz.:* "Section 5838 is based on the rule stated and followed in the Michigan case of *De Haan v Winter,* 258 Mich 293; 241 NW 923 (1932)."

If, however, that was simply the legislative intent it went beyond *De Haan. De Haan* was a suit involving asserted malpractice in the improper

treatment of a fractured bone. The malpractice in that case was claimed to be the failure to take X-rays, employ traction or extension weights, etc.

The Court said on pp 296–297:

"When did plaintiff's cause of action accrue? Until treatment of the fracture ceased the relation of patient and physician continued, and the statute of limitations did not run. *Schmit v Esser,* 183 Minn. 354 (236 N.W. 622) [1931], and reported with annotations in 74 A.L.R. 1312. While decisions are not in accord upon this question, we are satisfied that in such an action as this the statute of limitations does not commence to run while treatment of the fracture continues. Failure to give needed continued care and treatment, under opportunity and obligation to do so, would constitute malpractice. During the course of treatment plaintiff was not put to inquiry relative to the treatment accorded him."

Thus there was no rule announced in *De Haan* as to when the cause of action did accrue. The rule announced was that a cause of action *did not* accrue before the treatment stopped. The last sentence quoted above would seem to imply that a cause of action accrues only when the plaintiff is put to inquiry relative to the treatment accorded him.

It is helpful to keep in mind the distinction between a statute which is intended to abrogate a common-law cause of action and a statute of limitation.

A statute which expressly extinguishes a common-law right may be regarded as a proper exercise of legislative authority. For example, 1935 PA 127; MCLA 551.301; MSA 25.191, which abolished the common law cause of action for alienation of affections, criminal conversation, seduction and breach of contract to marry was held to be consti-

tutional in *Bean v McFarland,* 280 Mich 19; 273 NW 332 (1937).

But the statute here under consideration was intended to be a statute of limitations. It is a charge on the person who would assert a claim. It requires action on his part within a legislatively specified time, or obliges him to forego it altogether.

Justice COOLEY described our responsibility in dealing with such statutes of limitation in *Price v Hopkin,* 13 Mich 318, 324 (1865):

"The general power of the legislature to pass statutes of limitation is not doubted. The time that these statutes shall allow for bringing suits is to be fixed by the legislative judgment, and where the legislature has fairly exercised its discretion, no court is at liberty to review its action, and to annul the law, because in their opinion the legislative power has been unwisely exercised. But the legislative authority is not so entirely unlimited that, under the name of a statute limiting the time within which a party shall resort to his legal remedy, all remedy whatsoever may be taken away. * * * It is of the essence of a law of limitation that it shall afford a reasonable time within which suit may be brought [citations omitted] and a statute that fails to do this cannot possibly be sustained as a law of limitations, but would be a palpable violation of the constitutional provision that no person shall be deprived of property without due process of law."

Since "[i]t is of the essence of a law of limitation that it shall afford a reasonable time within which suit may be brought * * * ", *Price, supra,* a statute which extinguishes the right to bring suit cannot be enforced as a law of limitation. As to a person who does not know, or in the exercise of reasonable diligence could not ascertain within the two year period that he has a cause of action, this

statute has the effect of abolishing his right to bring suit.

Such a statute, if sustainable at all could be enforced only as one intended to abolish a common law cause of action. But this statute does not purport to do this, is not asserted to do so, and we cannot ascribe any legislative intention to accomplish that end. We read it as a statute of limitation which applies in every case except where the plaintiff does not know of his cause of action.

As indicated above, the "last treatment" rule as articulated in *De Haan, supra,* was a liberalizing of the general rule that the cause of action accrues at the time of injury. We are satisfied that the Legislature merely intended to codify the *De Haan* decision and no more intended to obviate the question of discovery than the *De Haan* Court did.

Accordingly we hold that an action based on malpractice by a state licensed person must be brought within two years of the time when such person discontinues treating or otherwise serving the plaintiff, or within two years of the time when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the asserted malpractice, whichever is later.

Next we consider the claim that the hospital should be regarded as Dr. Feller's employer and held responsible for any negligence on his part or on the part of other employees furnishing the emergency treatment.

The plaintiffs should be allowed to prove the relationship between Dr. Feller and the hospital and also the others asserted to be employees and demonstrate their duties and responsibilities in the premises.

If the pleadings are inadequate to define the

issues, they should be amended pursuant to GCR 1963, 118.

*Kambas v St. Joseph's Mercy Hospital of Detroit, Michigan,* 389 Mich 249; 205 NW2d 431 (1973) speaks to the applicable statute of limitations with respect to those other than Dr. Feller.

Reversed and remanded. Costs to plaintiffs.

T. M. KAVANAGH, C. J., and SWAINSON, WILLIAMS, and LEVIN, JJ., concurred with T. G. KAVANAGH, J.

T. E. BRENNAN, J. *(dissenting).* I cannot agree with the view expressed by my Brother T. G. KAVANAGH.

In *Price v Hopkin,* 13 Mich 318 (1865), Mr. Justice COOLEY was dealing with a situation wherein it was claimed that a reduction of limitation from 20 to 15 years had the effect of foreclosing all causes of action which had accrued more than 15 years prior to the effective date of the new statute of limitations.

This Court discussed the precise question in *Winfrey v Farhat,* 382 Mich 380; 170 NW2d 34 (1969), and concluded that the legislatively adopted last treatment rule did not have the effect of extinguishing any causes of action based upon malpractice occurring prior to January 1, 1963, that being the effective date of RJA § 5838; MCLA 600.5838; MSA 27A.5838. As to such causes of action, the Court held that the discovery rule remained in effect. *Quinlan v Gudes,* 2 Mich App 506; 140 NW2d 782 (1966) was to like import.

My Brother's opinion goes considerably beyond *Price, Winfrey* and *Quinlan,* to elevate the discovery rule to constitutional status, concluding, in effect, that no statute of limitations can bar a

cause of action until the same has been discovered, or, in the exercise of reasonable diligence, should have been discovered.

I believe that is an unwarranted interference with the power of the Legislature.

I believe that the Legislature does have the power to declare the time within which rights must be discovered, as well as asserted, and judicial disagreement with the wisdom of such policy does not justify nullification of the statute.

M. S. COLEMAN, J., concurred with T. E. BRENNAN, J.

M. S. COLEMAN, J. *(to affirm).* I agree with the opinion of Justice BRENNAN but I would add to it. I believe the majority decision fails on at least three grounds.

1. It is a clear case of judicial legislation. The statutes provide:

MCLA 600.5827; MSA 27A.5827:
"Except as otherwise expressly provided, the period of limitations runs from the time the claim accrues. The claim accrues at the time provided in sections 5829 to 5838, and in cases not covered by these sections the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results."
MCLA 600.5838; MSA 27A.5838:
"A claim based on the malpractice of a person who is, or holds himself out to be, a member of a state licensed profession accrues at the time that person *discontinues treating or otherwise serving the plaintiff* in a professional or pseudo-professional capacity as to the matters out of which the claim for malpractice arose." (Emphasis added.)

Although individuals may differ as to the wis-

dom of the legislation, it is not our function to rewrite it.

2. Even in the words of the majority opinion providing that an action in malpractice must be brought within two years after plaintiff discovers, "or in the exercise of reasonable diligence should have discovered, the asserted malpractice," the instant plaintiff would fail.

It is beyond comprehension that plaintiff Mrs. Dyke could have been, since 1965, in such pain in the hip area as alleged and not have asked for X-rays and tests from one of the two doctors other than defendant who treated her after her emergency room admission to the hospital. Dr. Feller treated her in the emergency room after the automobile accident on August 25, 1965. His involvement in her treatment lasted only nine days. She did not discover the fractured acetabulum until February 14, 1966 and did not bring suit until February 9, 1968.

3. Public policy is poorly served by this decision which would leave open forever the possibility of suit for real or imagined injuries. Memory might dim, and witnesses be lost to the defense. Records would have to be maintained until the death of the doctor or later. The purpose of the statutes of limitation are to provide some reasonable time within which parties must act. They provide a reasonable balance of equities between those who assert a cause of action and those who must defend themselves. Malpractice actions are provided legislatively and are limited legislatively.

Our extension can be expected to serve Michigan poorly. It is anticipated that this "open season" on doctors and hospitals will further discourage the medical practitioner from coming to or remaining in this state, to the detriment of the public.