FARRIS v BEECHER

Docket No. 77-341. Submitted February 15, 1978, at Detroit.—Decided June 21, 1978.

On March 13, 1971, Dianne Farris injured her left leg in an automobile accident. She was treated for this injury by Alvin J. Beecher, M.D., for approximately one month, although she saw this doctor professionally on other matters until December 4, 1973. Dr. Beecher diagnosed the injury as a sprain. On September 9, 1974, Dianne Farris consulted an orthopedic surgeon and was advised that she needed surgery for a bone chip of her left tibia. On August 27, 1976, Dianne Farris and her husband Jerry Farris commenced an action for damages for medical malpractice against Dr. Beecher claiming that the defendant had failed to X-ray plaintiff's leg or failed to properly analyze any X-rays taken and consequently failed to discover the bone chip and instead diagnosed the injury as a sprain and failed to refer Dianne Farris to an orthopedic surgeon. On December 2, 1976, the defendant's motion for summary judgment based on a lack of dispute as to any material fact and/or accelerated judgment based on the running of the statute of limitations period was denied, Macomb Circuit Court, Walter P. Cynar, J. Defendant appeals by leave granted. *Held:*

1. The cause of action accrued on September 8, 1974, when Dianne Farris was informed by the orthopedic surgeon that she needed surgery for the bone chips.

2. Since the cause of action accrued on September 8, 1974, the commencement of the suit, on August 27, 1976, was within the two-year limitations period applicable under a statute in effect at the time.

3. The statutory amendment which shortened the limitations period for medical malpractice from two years to six months

REFERENCES FOR POINTS IN HEADNOTES

[1] 61 Am Jur 2d, Physicians, Surgeons, and other Healers §§ 181–185.
[2] 61 Am Jur 2d, Pleadings § 225 *et seq.*
[3] 51 Am Jur 2d, Limitation of Actions §§ 27, 28, 57.
[4] 61 Am Jur 2d, Physicians, Surgeons, and other Healers § 121.
[5] 73 Am Jur 2d, Summary Judgment § 26 *et seq.*

contains no language to make it operate retroactively and, therefore, plaintiffs' cause of action was not barred by the six-month limitation period of the amended statute.

4. The defendant's motion for summary judgment based on there being no dispute as to any material fact was properly denied because there are significant fact issues remaining which need to be resolved.

Affirmed.

1. LIMITATION OF ACTIONS—MALPRACTICE—STATE LICENSED PERSON—STATUTE OF LIMITATIONS—ACCRUAL OF CAUSE OF ACTION—STATUTES.

An action based on malpractice by a state licensed person must be brought within two years of the time when such person discontinues treating or otherwise serving the plaintiff, or within two years of the time when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the asserted malpractice, whichever is later, where the cause of action accrued prior to the statutory amendment which shortened the applicable limitations period (MCL 600.5838; MSA 27A.5838).

2. JUDGMENT—ACCELERATED JUDGMENT—STATUTE OF LIMITATIONS—MALPRACTICE—MATERIAL FACTUAL ISSUE—ACCRUAL OF CAUSE OF ACTION.

A motion for accelerated judgment, in an action for malpractice, based on the statute of limitations was properly denied by the trial court where material factual disputes exist regarding the time of the discovery of the asserted malpractice.

3. LIMITATION OF ACTIONS—STATUTES—PROSPECTIVE OPERATION.

Statutes of limitation are to be construed to operate prospectively only unless their terms clearly indicate a contrary intent.

4. JUDGMENT—SUMMARY JUDGMENT—MEDICAL MALPRACTICE—MISDIAGNOSIS—IMPROPER EXAMINATION.

Summary judgment for a defendant in a medical malpractice action is not appropriate where the plaintiff alleges an improper examination by the defendant as well as an improper diagnosis.

5. JUDGMENT—SUMMARY JUDGMENT—ISSUE OF FACT—COURT RULES.

Summary judgment should not be granted unless it is impossible for a claim or defense to be supported at trial because of some deficiency which cannot be overcome (GCR 1963, 117.2[3]).

*Lopatin, Miller, Bindes, Freedman & Bluestone* (by *Michael Gagleard),* for plaintiff.

*Moll, Desenberg, Purdy, Glover & Bayer,* for defendant.

Before: D. E. HOLBROOK, P. J., and V. J. BRENNAN and M. F. CAVANAGH, JJ.

PER CURIAM. Defendant Alvin J. Beecher appeals by leave granted Macomb County Circuit Judge Walter P. Cynar's denial of his motion for summary/accelerated judgment in plaintiffs Dianne and Jerry Farris' malpractice action against him. The facts of this case may be simply stated.

On March 13, 1971, plaintiff Dianne Farris (hereinafter plaintiff) injured her left leg in an automobile accident. She was treated by defendant, a board certified general surgeon, for approximately one month. She continued to consult defendant professionally until December 4, 1973, with regard to other matters, but the fact is undisputed that she only treated with defendant relative to the injured left leg for approximately one month.

On September 8, 1974, plaintiff consulted an orthopedic surgeon and was advised that she needed surgery. It was alleged that defendant had failed to X-ray plaintiff's leg or failed to properly analyze any X-rays taken and consequently failed to discover a bone chip of plaintiff's left tibia. Plaintiff claims that defendant diagnosed her injury as a sprain and failed to refer her to an orthopedic specialist. Plaintiff contends that she did not discover the malpractice injury until September 8, 1974.

On August 27, 1976, plaintiff commenced this

malpractice action in Macomb County Circuit Court. This date was within two years of the alleged date of discovery of her injury on September 8, 1974. The trial court denied defendant's motions for summary/accelerated judgment on December 2, 1976.

On appeal, defendant brings two claims of error concerning the trial court's denial of these motions. We will address them both.

Defendant first claims that the trial judge erred by denying his motion for accelerated judgment based upon the malpractice statute of limitations due to the fact that the amended statute, effective on July 9, 1975, if operative in this case, would bar plaintiff's recovery because she had not filed her suit within six months of the date the statute became law.

Viewed from the point at which plaintiff's malpractice action allegedly accrued, the suit was properly filed within the limitations period established by the Michigan Supreme Court at that time. *Dyke v Richard,* 390 Mich 739, 747; 213 NW2d 185 (1973). See also *Berry v Zisman,* 70 Mich App 376, 378; 245 NW2d 758 (1976). In *Dyke,* the Court had held that an action for malpractice need be filed within two years of the date of last treatment or within two years of the date the malpractice is discovered or should have been discovered, whichever is later.

The Legislature responded to this decision by amending the limitations period specified in the statute. See MCL 600.5838; MSA 27A.5838. The statute now reads:

"Sec. 5838. (1) *A claim based on the malpractice* of a person who is, or holds himself out to be, a member of a state licensed profession, intern, resident, registered nurse, licensed practical nurse, registered physical ther-

apist, clinical laboratory technologist, inhalation therapist, certified registered nurse anesthetist, X-ray technician, hospital, licensed health care facility, employee or agent of a hospital or licensed health care facility who is engaging in or otherwise assisting in medical care and treatment, or any other state licensed health professional, *accrues at the time that person discontinues treating or otherwise serving the plaintiff in a professional or pseudoprofessional capacity as to the matters out of which the claim for malpractice arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim.*

"(2) An action involving a claim based on malpractice may be commenced at any time within the applicable period prescribed in sections 5805 or 5851 to 5856, *or within 6 months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later.* The burden of proving that the plaintiff, as a result of physical discomfort, appearance, condition or otherwise, neither discovered nor should have discovered the existence of the claim at least 6 months before the expiration of the period otherwise applicable to the claim shall be on the plaintiff. *A malpractice action which is not commenced within the time prescribed by this subsection is barred.*" (Emphasis added.) MCL 600.5838; MSA 27A.5838.

The effective date of the amended language was July 9, 1975. Consequently, the principal question we must resolve is whether or not the plaintiff in this case is affected by the amended language. If she is, then her action is barred and the trial court acted improperly by denying defendant's motion. If the amended statute does not control this case, then plaintiff's action is not barred and the trial court acted correctly on the authority of *Dyke.*

Defendant's contention that plaintiff's action is barred even under *Dyke* is without merit. The date of last treatment for the leg injury appears to be April, 1971. However, plaintiff claims not to have discovered the alleged malpractice until she con-

sulted an orthopedic specialist in September, 1974. Since this action was filed on August 27, 1976, plaintiff would have appeared to have complied with the two-year requirement of *Dyke.* Defendant alleges that plaintiff should have discovered the malpractice before September, 1974. Indeed, we would agree that if plaintiff should have discovered the malpractice before August 27, 1974, her action would be barred.

We find this case similar to *Johnson v Caldwell,* 371 Mich 368; 123 NW2d 785 (1963). In *Johnson,* the Court found that the date of discovery was the date when plaintiff was ultimately told defendant's advice was incorrect. The parallel is apparent in this case where plaintiff was told that the injury was a sprain and learned of the malpractice only when eventually told on September 8, 1974, that the "sprain" was actually a result of bone fragments. Although plaintiff may have been in pain prior to consulting a specialist and thereby put on notice of some prior malpractice, we are not prepared to rule as a matter of law on the basis of a silent record that plaintiff should have discovered the malpractice at some date prior to receiving actual knowledge. In the past, such a question has been left to the jury to decide. See *Kelleher v Mills,* 70 Mich App 360, 365; 245 NW2d 749 (1976), *Winfrey v Farhat,* 382 Mich 380, 387–388; 170 NW2d 34 (1969), *Cates v Frederick W Bald Estate,* 54 Mich App 717, 720–722; 221 NW2d 474 (1974), *lv den,* 394 Mich 758 (1975). Consequently, if the decision in *Dyke* applies to this case, then the question of when plaintiff should have learned of the malpractice was for the jury and defendant's motion for accelerated judgment was properly denied.

However, were we to find MCL 600.5838; MSA

27A.5838, as amended, applicable to this case, clearly plaintiff's action would be barred. In order to resolve this question, what we must determine is whether or not this particular amended provision will operate prospectively only or reach back retroactively to affect plaintiff's suit. The Michigan Supreme Court has noted in prior decisions that statutes of limitation are to be construed to operate prospectively only unless their terms clearly indicate a contrary intent. See *McKisson v Davenport*, 83 Mich 211, 215; 47 NW 100 (1890). See also *Tarnow v Railway Express Agency*, 331 Mich 558, 564–566; 50 NW2d 318 (1951). We use the terms "prospective" and "retroactive" with some hesitation, recognizing that when we apply a statute "prospectively" we mean that the statute applies only to causes of action which accrue after the effective date of a statute. See 51 Am Jur 2d, Limitation of Actions, § 57, p 634.

In this case, we see nothing in the statute to indicate an intention to apply its provisions to causes of action which accrue prior to the effective date of July 9, 1975. The legislative analysis does not address this problem. In short, we find nothing in the language of the amended statute to indicate that application should be retroactive. Therefore, we find the statute operates prospectively only. See *Hathaway v Washington Milling Co*, 139 Mich 708, 711; 103 NW 164 (1905) (where the Court interpreted a limitations provision concerning recovery of damages for personal injuries to apply only to actions which accrued after the law became operative).

Consequently, upon close consideration, we find that no evidence appears in the amended language of the statute to support finding the limitations provision, as amended, applicable to causes of

action which accrued prior to the date the law became effective. We thus find defendant's claim of error without merit and sustain the trial court's denial of his motion for accelerated judgment.

Defendant next contends the trial court erred by denying his motion for summary judgment on grounds that no material questions of fact remained to be resolved.

Defendant's motion for summary judgment was made under GCR 1963, 117.2(3), claiming that no dispute as to any material fact remained and that defendant was entitled to judgment as a matter of law. We agree with defendant that had he been able to show plaintiff's complaint alleged nothing more than misdiagnosis then defendant would have been entitled to summary judgment. *Johnson v Borland,* 317 Mich 225, 231; 26 NW2d 755 (1947). However, granting summary judgment for a mere allegation of misdiagnosis requires that no further allegation of improper examination appear as an issue in the complaint. *Johnson v Borland, supra* at 231.

Plaintiff's complaint in this case is not merely one for misdiagnosis. Plaintiff alleges the following violations of defendant's duties: (1) failing to make a thorough examination of plaintiff's injuries and incorrectly ascertaining their nature and extent; (2) misdiagnosing plaintiff's injuries as a sprain and wrongfully informing plaintiffs that no bones were chipped; (3) failing to X-ray plaintiff's leg, or, alternatively, failing to properly analyze X-rays that were taken; and, (4) failing to refer plaintiff to an orthopedic surgeon. Though some of these allegations may be convincingly rebutted, disputed issues of fact remain regarding: (1) whether a sufficiently *thorough* examination of plaintiff's injury was made; (2) whether defendant properly

analyzed the X-rays in determining that the bone fragments resulted from an old injury; and (3) whether defendant should have referred plaintiff to an orthopedic specialist. Given that summary judgment under GCR 1963, 117.2(3) should not be granted unless "it is impossible for the claim or defense to be supported at trial because of some deficiency which cannot be overcome", we do not believe summary judgment could have properly been granted in this case. See *Rizzo v Kretschmer*, 389 Mich 363, 372; 207 NW2d 316 (1973). Therefore, we believe the trial court acted correctly in denying defendant's motion for summary judgment.

Having thus reviewed defendant's claims of error and finding them unpersuasive, we sustain the trial court in its denial of defendant's motions.

Affirmed.