## BOYER v VANDENBRINK

Docket No. 78-2245. Submitted May 1, 1979, at Grand Rapids.—Decided April 21, 1980. Leave to appeal applied for.

Paul L. Vandenbrink, M.D., performed a bilateral partial vasectomy on John E. Boyer on March 17, 1972. Vandenbrink told Boyer he and his wife, Sharon Boyer, could proceed with normal sexual relations without fear of pregnancy. John and Sharon became aware that she was pregnant on August 3, 1975. They brought a medical malpractice action against Dr. Vandenbrink on February 13, 1976. Defendant's answer denied the allegations in plaintiffs' complaint and he subsequently moved to amend his answer to raise the affirmative defense of the statute of limitations and asked for accelerated judgment based upon this defense. Kalamazoo Circuit Court, Patrick H. McCauley, J., granted defendant's motion for leave to amend and for accelerated judgment. Plaintiffs appeal. *Held:*

1. The question raised is whether the cause of action is considered to have arisen at the time the malpractice was discovered or at the time the act alleged to constitute malpractice occurred. The date of the alleged malpractice was March 17, 1972, when the vasectomy was performed. The date the plaintiff discovered the alleged malpractice was early August, 1975, when they learned that Sharon was pregnant and that John was not sterile. The two-year discovery rule was in effect at this time and when plaintiffs commenced their action six and one-half months after discovery of the pregnancy their claim was not barred by the statute of limitations because plaintiffs had two years after discovery in which to file suit.

2. Plaintiffs' action is not barred; therefore, there is no need to reach plaintiffs' contention that the trial court erroneously permitted the defendant to amend his answer.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTE

[1] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 181 *et seq.*

When statute of limitations begins to run against malpractice action in connection with sterilization or birth control procedures. 93 ALR3d 218.

PHYSICIANS AND SURGEONS — MALPRACTICE — LIMITATION OF AC-
TIONS.

The statute of limitations applicable to a malpractice action,
including the rules governing the time from which the statute
runs, is that statute in effect on the date the alleged act of
malpractice occurred.

*Randolph McCarthy, Jr., P.C.,* for plaintiff.

*Bennett, Palmer, Lewis, LaParl, Hollander &
Stevens, P.C.* (by *Richard A. Milligan),* for defen-
dant.

Before: MACKENZIE, P.J., and D. E. HOLBROOK,
JR., and CYNAR, JJ.

MACKENZIE, P.J. On May 17, 1978, the Kalama-
zoo County Circuit Court entered an order grant-
ing defendant leave to amend his answer to raise
the statute of limitations as an affirmative defense
in this medical malpractice action. The trial court
then granted accelerated judgment in favor of
defendant on the ground that plaintiffs' claim was
barred by the two-year statute of limitations appli-
cable to such actions. Plaintiffs appeal.

Plaintiffs, a married couple with five children,
consulted defendant about possible vasectomy sur-
gery in February, 1972. Defendant performed a
bilateral partial vasectomy upon plaintiff John E.
Boyer on March 17, 1972. Plaintiff submitted se-
men samples on April 3, 1972, and April 28, 1972;
testing results showed no sperm present. Accord-
ing to plaintiff, he was then told that he and his
wife could proceed with normal sexual relations
without fear of pregnancy; he was not advised to
submit further samples. Defendant claims that
plaintiff was requested to provide another semen
sample in three months, but failed to do so.

On August 3, 1975, plaintiffs became aware that

Mrs. Boyer was pregnant. Plaintiffs' complaint identifies August 3, 1975, as the date the plaintiffs discovered defendant's malpractice. Plaintiff John E. Boyer immediately contacted defendant's office. A test performed August 5, 1975, showed sperm present in plaintiff's semen.

Plaintiffs filed a complaint for medical malpractice against defendant on February 13, 1976. Defendant answered on March 3, 1976, denying the complaint's allegations. On March 28, 1977, defendant moved to amend his answer to raise the affirmative defense of the statute of limitations and asked accelerated judgment based upon this defense. The circuit judge, Patrick H. McCauley, issued an opinion on May 3, 1978, granting defendant's motions for leave to amend and for accelerated judgment.

The period of limitations for claims alleging malpractice is two years. MCL 600.5805; MSA 27A.5805. The accrual of a malpractice claim against a state-licensed professional is dealt with in MCL 600.5838; MSA 27A.5838. Prior to July, 1975, the statute stated:

> "A claim based on the malpractice of a person who is, or holds himself out to be, a member of a state licensed profession accrues at the time that person discontinues treating or otherwise serving the plaintiff in a professional or pseudo-professional capacity as to the matters out of which the claim for malpractice arose."

In *Dyke v Richard,* 390 Mich 739; 213 NW2d 185 (1973), the Michigan Supreme Court interpreted § 5838 to mean that an action based on malpractice by a state-licensed professional must be brought within two years of last treatment or within two years of the time the asserted malprac-

tice is discovered, or in the exercise of reasonable diligence, should have been discovered.

Effective July 9, 1975, § 5838 was amended to allow a plaintiff only six months to bring a malpractice action after the plaintiff discovers or should have discovered the existence of the claim. This Court has held that this truncation of the period of limitations was intended to be applied prospectively, *i.e.,* only to causes of action which accrue after its effective date. *Farris v Beecher,* 85 Mich App 208; 270 NW2d 658 (1978). Also, in *Weiss v Bigman,* 84 Mich App 487; 270 NW2d 5 (1978), this Court held that the statute of limitations in effect at the time the cause of action arose governs. The question exists whether the cause of action is considered to have arisen at the time the malpractice is discovered, which is the time the running of the statutory period commences, or at the time the act alleged to constitute malpractice occurred. It was the trial court's opinion that the cause of action arose, for purposes of determining which law is applicable, when the malpractice was discovered. We disagree.

In *Quinlan v Gudes,* 2 Mich App 506; 140 NW2d 782 (1966), cited by the *Weiss* Court, the plaintiffs alleged malpractice in the giving of x-ray treatments by the defendant in the early 1950's. In January, 1963, the plaintiff underwent a cancer operation and was informed at that time the cause of the cancer was the x-ray treatments. As of January 1, 1963, the Revised Judicature Act became effective which adopted the "last treatment" rule, declaring that malpractice actions accrue as soon as the plaintiff discontinues treatments or service from the accused professional. Under this provision, the plaintiff's claim would have been barred by the statute of limitations, as the last

treatment by the defendant occurred in 1954. The
Court, however, ruled that § 5838 was inapplicable
to the *Quinlan* case because the cause of action
arose years earlier when the x-ray treatments
were given.[1] The Court thus applied the discovery
rule, the applicable rule at the time of the treat-
ments,[2] and held that since the plaintiffs instituted
their action within two years of discovery, their
suit was not barred by the statute of limitations.

The *Quinlan* decision was cited by the Michigan
Supreme Court in *Winfrey v Farhat,* 382 Mich
380; 170 NW2d 34 (1969). The Court concluded
that since the plaintiff's claim arose out of an act
done prior to January 1, 1963, the effective date of
§ 5838, this provision was inapplicable. The discov-
ery rule, applicable prior to January 1, 1963, was
instead considered controlling. Since the plaintiff
instituted her action within two years of the dis-
covery date of June 17, 1965, her action was not
barred.

In the instant case, the date of the alleged
malpractice was March 17, 1972, when the vasec-
tomy was performed. The two-year discovery rule
was in effect at this time. The date the plaintiffs
discovered the alleged malpractice was early Au-
gust, 1975, when they learned that Mrs. Boyer was
pregnant and that Mr. Boyer was not sterile. Suit
was commenced six and one-half months after

---

[1] The Court based its ruling upon § 9905 of the Revised Judicature
Act, which provides:

"Except as specifically stated or reasonably inferred from the
provisions of this act, *this act shall not impair or affect any act done,
offense committed or right accruing, accrued or acquired,* or liability,
penalty, forfeiture or punishment incurred prior to the time this act
takes effect, but the same may be enjoyed, asserted, enforced, prose-
cuted, or inflicted as if the act had not been passed." (Emphasis
supplied.)

[2] The discovery rule was set forth in *Johnson v Caldwell,* 371 Mich
368; 123 NW2d 785 (1963), as the rule governing malpractice cases
prior to the enactment of § 5838.

discovery. Since the plaintiffs had two years after discovery in which to file suit, their claim is not barred.

Because we have concluded that their action was not barred by the statute of limitations, we need not reach the plaintiffs' contention that the lower court erroneously permitted the defendant to amend his answer.

Reversed and remanded. Costs to plaintiffs-appellants.