ZATOLOKIN v GRIMM

Docket No. 78-4734. Submitted March 5, 1980, at Lansing.—Decided
    August 11, 1980. Leave to appeal applied for.

    John Zatolokin and his wife Eileen Zatolokin, hereinafter plain-
        tiffs, claim damages from Frederic A. Grimm, his former law-
        firm Landman, Grimm, Bradbury and Laurin, subsequently
        known as Landman, Hathaway, Latimer, Clink and Robb,
        Attorneys; Robert L. Forsythe, and his lawfirm, Parmenter,
        Forsythe and Rude, Attorneys; hereinafter defendants, for al-
        leged malpractice. Plaintiffs originally retained defendant
        Grimm and his lawfirm in connection with their interest in
        several real estate contracts and other investment transactions.
        Thereafter, defendant Grimm informed the plaintiffs that due
        to his appointment as a circuit judge he would no longer be
        able to represent them. The plaintiffs thereupon retained defen-
        dant Forsythe and his lawfirm to represent them in connection
        with their investments. Later defendant Forsythe informed
        plaintiffs that the statute of limitations had run with respect to
        any claims arising out of their investment transactions. Plain-
        tiffs thereupon filed this lawsuit. Subsequently, defendant
        Grimm and his former lawfirm filed a motion for accelerated
        judgment claiming that the statute of limitations had run on
        plaintiff's claim for malpractice in that the amendment to the
        applicable Michigan statute which took effect on July 9, 1975,
        provided that a malpractice action may be brought within two
        years after termination of professional services, or within six
        months after a plaintiff discovers the existence of a claim,
        whichever is later. Plaintiffs contend that their claim is gov-

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur 2d, Limitation of Actions § 1 *et seq.*
[2] 51 Am Jur 2d, Limitation of Actions § 107.
[3] 61 Am Jur 2d, Physicians and Surgeons §§ 181, 182.
    Statute of limitations applicable to malpractice action against
        physician, surgeon, dentist, or similar practitioner. 80 ALR2d
        320.
    When statute of limitations commences to run against malpractice
        action against physician, surgeon, dentist, or similar practitioner.
        80 ALR2d 368.

erned by the statute as construed by the Supreme Court before its amendment, which provided that the statute of limitations for malpractice was two years from the time professional services are discontinued or within two years of when plaintiff discovers or in the exercise of reasonable diligence should have discovered the alleged malpractice, whichever is later. The Ingham Circuit Court, Ray C. Hotchkiss, J., denied the Grimm motion. Defendant Grimm and his lawfirm appeal. *Held:*

1. The statute of limitations in effect at the time a plaintiff's cause of action arose governs.

2. The statute of limitations begins to run against a cause of action only after the right to prosecute such cause of action to a successful conclusion has accrued.

3. Use of the date when a malpractice cause of action in fact accrued best gives effect to the legislative intent as the key date in deciding which statute of limitations should apply to a legal malpractice claim.

4. The date upon which plaintiffs lost their possible claims arising out of the investments by expiration of the statute of limitations is the key date. If plaintiffs' cause of action against the investment interests was barred by running of the statute of limitations on or after July 9, 1975, plaintiffs' malpractice claim against defendants is barred by the amended statute of limitations. If, however, plaintiffs' cause of action against the investment interests was barred by running of the statute of limitations before July 9, 1975, then plaintiffs' malpractice claim against defendants is not barred.

Remanded with instructions.

1. LIMITATION OF ACTIONS — STATUTES — EFFECTIVE DATE.

The statute of limitations in effect at the time a plaintiff's cause of action arose governs.

2. LIMITATION OF ACTIONS — STATUTES — ACCRUAL.

The statute of limitations begins to run against a cause of action only after the right to prosecute such cause of action to a successful conclusion has accrued.

3. LIMITATION OF ACTIONS — MALPRACTICE — ACCRUAL.

Use of the date when a malpractice cause of action in fact accrued best gives effect to the legislative intent as the key date in deciding which statute of limitations should apply to a legal malpractice claim.

*McGinty, Halverson, Brown & Jakubiak, P.C.* (by *James C. Halverson),* for plaintiffs.

*Smith, Haughey, Rice & Roegge* (by *Ellen J. Eggers),* for defendants Frederic A. Grimm; Landman, Grimm, Bradbury & Laurin; and Landman, Hathaway, Latimer, Clink & Robb.

*Hillman, Baxter & Hammond,* for defendants Robert L. Forsythe and Parmenter, Forsythe & Rude.

Before: M. J. KELLY, P.J., and D. F. WALSH and BEASLEY, JJ.

BEASLEY, J. Plaintiffs claim damages from defendants, who are two lawfirms and certain named individual attorneys, for alleged legal malpractice. Defendant Grimm and his former lawfirm filed a motion for accelerated judgment based on the claim that the statute of limitations had run. The trial court denied this motion. Defendants-appellants, Grimm and his lawfirm, who will hereinafter be referred to as appellants, appeal by leave granted, and plaintiffs cross-appeal.

The certified, concise statement of facts indicates that plaintiffs retained appellants in June 1968, to represent them in connection with their interest in the so-called Sieradzki investments. Appellants provided legal services to plaintiffs until September 12, 1974, when appellant Grimm informed them that his appointment as a circuit judge prevented his representing them any longer. On that same day, September 12, 1974, plaintiffs retained defendant Forsythe and his lawfirm to represent them in connection with their various investments. On May 6, 1976, defendant Forsythe informed plaintiffs that the statute of limitations

had run with respect to any claims arising out of their investment transactions. On April 25, 1978, plaintiffs filed the within case for damages, alleging legal malpractice.

On May 23, 1978, appellant Grimm filed his motion for accelerated judgment based on MCL 600.5838; MSA 27A.5838. This statute is an amended version which took effect on July 9, 1975. It provides that a malpractice action may be brought within two years after termination of professional services, or within six months after plaintiff discovers the existence of a claim, whichever is later. Plaintiffs' opposition to defendants' motion is essentially based on their position that their claim was governed by the statute as it was before the 1975 amendment.

Initially, we review the statute, before and after its amendment, and its effect as applied to the facts in this case. Prior to the 1975 amendment, the formerly constituted MCL 600.5838; MSA 27A.5838, which statute must be read together with MCL 600.5805; MSA 27A.5805, provided:

"Sec. 5805. No person may bring or maintain any action to recover damages for injuries to persons * * * unless, after the claim first accrued * * * he commences the action within the periods of time prescribed by this section. * * *

"(3) The period of limitations is 2 years for actions charging malpractice."

"Sec. 5838. A claim based on the malpractice of a person who is, or holds himself out to be, a member of a state licensed profession accrues at the time that person discontinues treating or otherwise serving the plaintiff in a professional or pseudoprofessional capacity as to the matters out of which the claim for malpractice arose."

In the 1973 case of *Dyke v Richard,*[1] the Supreme Court construed the statute to provide that an action for malpractice must be brought within two years of the date professional services are discontinued or within two years of when plaintiff discovers or, in the exercise of reasonable diligence, should have discovered the alleged malpractice, whichever is later.

If this statute, as it read prior to its amendment, applies to plaintiffs' action, that action is not barred because, for purposes of this appeal, we accept as fact that the plaintiffs did not discover, until May 6, 1976, that the statute of limitations applicable to their investment transactions had run. Since plaintiffs brought suit against appellant Grimm on April 25, 1978, their claims against appellants would not be barred by expiration of the statute of limitations.

However, there would be a different result if the statute, as amended July 9, 1975, applied to plaintiffs' claim. That statute, MCL 600.5838; MSA 27A.5838, provides as follows:

"(1) A claim based on the malpractice of a person who is, or holds himself out to be, a member of a state licensed profession, * * * accrues at the time that person discontinues treating or otherwise serving the plaintiff in a professional or pseudoprofessional capacity as to the matters out of which the claim for malpractice arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim.

"(2) An action involving a claim based on malpractice may be commenced at any time within the applicable period prescribed in sections 5805 or 5851 to 5856, or within 6 months after the plaintiff discovers or should have discovered the existence of the claim, whichever is

---

[1] 390 Mich 739; 213 NW2d 185 (1973). See also, *Weiss v Bigman,* 84 Mich App 487, 493; 270 NW2d 5 (1978), *Leary v Rupp,* 89 Mich App 145, 148; 280 NW2d 466 (1979).

later. * * * A malpractice action which is not commenced within the time prescribed by this sub-section is barred." (Footnote omitted.)

If this statute, as amended, applies to plaintiffs' action, it is barred, since defendant Grimm withdrew as plaintiffs' attorney on September 12, 1974, more than three years before suit was filed on April 25, 1978. Further, plaintiffs discovered the alleged malpractice on May 6, 1976, more than six months before filing suit.

In analyzing this question, we start with the general rule that the statute of limitations in effect at the time the plaintiffs' cause of action arose governs.[2]

In this case, plaintiffs alleged that appellant Grimm failed to file a lawsuit as a result of the Sieradzki investment transactions within the time afforded under the applicable statute of limitations. Accordingly, plaintiffs' claim against appellant Grimm arose on the date that the statute of limitations expired for bringing the original action arising out of the Sieradzki transactions. Until that date, appellant Grimm or his firm could have filed suit on plaintiffs' behalf, and plaintiffs would have had no cause of action against them for permitting the statute of limitations to run.

Some will argue that plaintiffs' alleged malpractice claim against Grimm *accrued,* for purposes of measuring the running of the statute of limitations, either on the last date Grimm performed legal services for plaintiffs (9/12/74), or on the date plaintiffs learned that their claims against Sieradzki had been lost by running of the statute of limitations (5/4/76).

---

[2] *Weiss v Bigman, supra, Quinlan v Gudes,* 2 Mich App 506, 509; 140 NW2d 782 (1966).

To adopt that reasoning is to create a dilemma because the answer as to which of those dates controls is the very question we are trying to decide. But, it is not only because a dilemma is created that we adopt different reasoning.

In general, the statute of limitations begins to run against a cause of action only after the right to prosecute such cause of action to a successful conclusion has accrued.[3]

In *Biberstine v Woodworth,*[4] the Supreme Court cites with approval 18 ALR3d 978, which says in part:

"In those cases where the negligence complained of is delay or inaction, which, unlike a positive negligent act where the time of commission may with some certainty be established, covers some space of time, some courts have stated that the statute of limitations against a cause of action for negligent malpractice starts to run when the attorney's delay or inaction has resulted in some injury, as distinguished from consequential damages, to the client, and thus, for example, if the delay results in a client's cause of action against another being barred by the statute of limitations, the injury referred to would be when the client's action is barred, and thus, at this time the statute of limitations against the client's cause of action against his attorney will start to run." (18 ALR3d 987).

In *Biberstine,* the alleged malpractice consisted of failing to include a debt in a bankruptcy schedule. There, the Supreme Court held:

"We hold that the statute of limitations starts to run at the time the plaintiff was discharged in bankruptcy. Until then, the defendant could have petitioned the

---

[3] 18 ALR3d 978, 986.
[4] 406 Mich 275; 278 NW2d 41 (1979).

bankruptcy court to amend the petition, and the plaintiff would not have had a claim for malpractice."[5]

We believe that using the date when the malpractice cause of action in fact accrued best gives effect to the legislative intention. Thus, in this case, we adopt the date upon which plaintiffs lost their possible claims arising out of the Sieradzki investments by expiration of the statute of limitations as the key date in deciding which statute of limitations applies to plaintiffs' legal malpractice claim against appellants.[6]

However, in this case, the record does not indicate when the statute of limitations ran and barred these original potential actions against the Sieradzki interests. We do know that plaintiffs were informed that the statute had run on May 6, 1976, but the exact date on which it ran is not known.

Applying these premises to this case, we find that if plaintiffs' cause of action against the Sieradzki interests was barred by running of the statute of limitations *on or after July 9, 1975,* then plaintiffs' malpractice claim against appellants is barred by the amended statute of limitations that became effective July 9, 1975. If, however, plaintiffs' cause of action against the Sieradzki interests was barred by running of the statute of limitations *before* July 9, 1975, then plaintiffs' malpractice claim against appellants is not barred, because the statute of limitations as it was constituted before the July 9, 1975, amendment controls.

The record before us does not make clear or contain a finding as to *when* the statute ran so as to bar plaintiffs from bringing a lawsuit against

[5] *Id.* at 277.

[6] See, *Boyer v Vandenbrink,* 98 Mich App 772; 293 NW2d 687 (1980).

the Sieradzki interests. Consequently, we remand
this case to the trial court for appropriate proceed-
ings to establish that date; only in so doing can the
issue of whether accelerated judgment in favor of
appellants should properly be entered be decided.

We have considered the issues plaintiffs raise in
their cross-appeal and find them to be without
merit.

Remanded.