KARR v WILLIAMS

Docket No. 61502. Submitted February 7, 1983, at Grand Rapids.—
Decided June 6, 1983. Leave to appeal applied for.

Defendant, Dale L. Williams, M.D., performed a vasectomy on
plaintiff Walter R. Karr on February 20, 1967. Plaintiff Patricia
Karr became pregnant shortly after the vasectomy and gave
birth to a son on December 5, 1967. Dr. Williams thereafter
performed a sperm check on Mr. Karr and found that Mr. Karr
was fertile. Dr. Williams wanted to redo the vasectomy, how-
ever, Mr. Karr did not want the vasectomy redone, preferring
to wait and see. Dr. Williams checked Mr. Karr again, several
months later, but found no live sperm. Mr. Karr was not
checked again until his wife became pregnant a second time, 11
years later, in January, 1978. At that time, a sperm check
showed the presence of live sperm. A second boy was born on
July 3, 1978. Plaintiffs filed an action in the Muskegon Circuit
Court on September 24, 1979, alleging that both births resulted
from medical malpractice. The trial court, Ronald H. Pannucci,
J., thereafter issued an order granting defendant an acceler-
ated judgment holding that the applicable two-year period of
limitations had run. Plaintiffs appeal. *Held:*

1. The period of limitations for claims alleging malpractice is
two years.

2. The statute and case law in effect at the time the asserted
malpractice occurred govern. Thus, the applicable period of

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 324.
When statute of limitations begins to run against malpractice
action in connection with sterilization or birth control procedures.
93 ALR3d 218.

Statute of limitations applicable to malpractice action against
physician, surgeon, dentist, or similar practitioner. 80 ALR2d
320.

[2] 22 Am Jur 2d, Damages § 3.

[3] 51 Am Jur 2d, Limitation of Actions § 470.
61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 316 *et
seq.*

limitations in the present case was two years after the last treatment or two years after the asserted malpractice was discovered or, in the exercise of reasonable diligence, should have been discovered.

3. The trial court correctly determined that the period of limitations concerning the 1967 pregnancy and birth had run. However, since the 1978 pregnancy and birth might have resulted from an entirely different cause than the first, according to the defendant's deposition testimony, a reasonable person could not be expected to discover the alleged malpractice relative to the second birth from the first birth. Therefore, the case is remanded for a trial and presentation of proofs.

Affirmed in part, reversed in part and remanded for trial.

1. LIMITATION OF ACTIONS — PHYSICIANS AND SURGEONS — MALPRACTICE.

The period of limitations applicable for claims alleging malpractice is two years (MCL 600.5805; MSA 27A.5805).

2. PHYSICIANS AND SURGEONS — MALPRACTICE.

The statute and case law in effect at the time that alleged malpractice occurs govern an action for damages based on such malpractice.

3. JUDGMENTS — ACCELERATED JUDGMENTS — APPEAL — PHYSICIANS AND SURGEONS — MALPRACTICE — LIMITATION OF ACTIONS.

An accelerated judgment should not have been granted in an action for damages resulting from the births of two children following the performance of a vasectomy based on the ground that the period of limitations applicable to the second birth had run where the plaintiff could not have been expected to discover the alleged malpractice which resulted in the second birth due to the defendant's statements regarding the cause of the first birth (MCL 600.5838; MSA 27A.5853).

*White, Spaniola, Stariha, Potuznik, Reider, Brown, Wierengo, Fielstra & Flynn, P.C.* (by *Randall D. Fielstra* and *J. Christopher Wilson*), for plaintiffs.

*Allaben, Massie, Vander Weyden & Timmer* (by *Sam F. Massie, Jr.*), for defendant.

Before: R. M. Maher, P.J., and R. B. Burns and P. J. Marutiak,* JJ.

P. J. Marutiak, J. The plaintiffs appeal as of right from an order granting an accelerated judgment against them holding that the two-year period of limitations provided in the statute of limitations, MCL 600.5805(3); MSA 27A.5805(3), had run.

The facts involved in this case are not essentially in dispute. Defendant performed a vasectomy on plaintiff Walter R. Karr on February 20, 1967. Dr. Williams' deposition testimony asserts that Mr. Karr was instructed to return to the doctor's office two months after the surgery for a sperm check. Dr. Williams also stated that Karr was instructed to use normal birth control methods for at least the following 12 episodes of intercourse until his tubes would be cleaned out.

Mr. Karr denied that any follow-up instructions were ever given. Moreover, Mr. Karr claimed to have inquired about subsequent sperm checks but allegedly was told by the defendant that they were unnecessary. Patricia Karr became pregnant shortly after the vasectomy and gave birth to a son on December 5, 1967.

Dr. Williams performed a sperm check on Mr. Karr in December, 1967, following the child's birth. Dr. Williams told Karr that he was as fertile as he ever was. Dr. Williams wanted to redo the vasectomy. Plaintiff Mr. Karr did not want the vasectomy redone, preferring to wait and see. Dr. Williams checked Mr. Karr again, several months later, but found no live sperm. Mr. Karr was not checked again until his wife became pregnant a second time, 11 years later, in January, 1978. At

---

* Circuit judge, sitting on the Court of Appeals by assignment.

that time, a sperm check showed the presence of live sperm. A second boy was born on July 3, 1978. Dr. Williams theorized that Mr. Karr's tubes had probably recanalized.

Plaintiffs filed this lawsuit on September 24, 1979, alleging medical malpractice which resulted in both the 1967 and 1978 births. At issue is whether the period of limitations had run on either or both of the alleged malpractice claims.

The period of limitations for claims alleging malpractice is two years. MCL 600.5805; MSA 27A.5805. The accrual of a malpractice claim against a state-licensed professional is dealt with in MCL 600.5838; MSA 27A.5838. Prior to July, 1975, the statute stated:

"A claim based on the malpractice of a person who is, or holds himself out to be, a member of a state licensed profession accrues at the time that person discontinues treating or otherwise serving the plaintiff in a professional or pseudo-professional capacity as to the matters out of which the claim for malpractice arose."

Subsequently, a 1975 amendment added language which made a substantial change in the law:

"(1) A claim based on the malpractice of a person who is, or holds himself out to be, a member of a state licensed profession, intern, resident, registered nurse, licensed practical nurse, registered physical therapist, clinical laboratory technologist, inhalation therapist, certified registered nurse anesthetist, X-ray technician, hospital, licensed health care facility, employee or agent of a hospital or licensed health care facility who is engaging in or otherwise assisting in medical care and treatment, or any other state licensed health professional, accrues at the time that person discontinues treating or otherwise serving the plaintiff in a professional or pseudoprofessional capacity as to the matters out of which the claim for malpractice arose, regardless

of the time the plaintiff discovers or otherwise has knowledge of the claim.

"(2) An action involving a claim based on malpractice may be commenced at any time within the applicable period prescribed in sections 5805 or 5851 to 5856, or within 6 months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later. The burden of proving that the plaintiff, as a result of physical discomfort, appearance, condition or otherwise, neither discovered nor should have discovered the existence of the claim at least 6 months before the expiration of the period otherwise applicable to the claim shall be on the plaintiff. A malpractice action which is not commenced within the time prescribed by this subsection is barred."

The new language shortened the time for bringing suit and brought into the statute case law found in the Supreme Court's opinion in *Dyke v Richard,* 390 Mich 739, 747; 213 NW2d 185 (1973).

In *Boyer v Vandenbrink,* 98 Mich App 772, 774-775; 293 NW2d 687 (1980), *lv den* 410 Mich 888 (1981), the Court held that the statute and case law in effect at the time the asserted malpractice occurred govern. Thus, the applicable period of limitations in the present case was two years after the last treatment or two years after the asserted malpractice was discovered or, in the exercise of reasonable diligence, should have been discovered.

We find that the trial court was correct concerning the 1967 pregnancy and birth. As to that asserted malpractice, the period of limitations had long since run.

Concerning the second pregnancy, we disagree with the trial judge and remand the matter for trial on the merits. While Dr. Williams argues that a positive sperm check and a subsequent pregnancy is an excellent indication that something was wrong with the vasectomy, Dr. Williams

allegedly told the plaintiffs, and continues to maintain, that the first pregnancy was not caused by a defective vasectomy but by residual sperm remaining in Mr. Karr's tubes after the operation. If Dr. Williams' own deposition testimony is to be believed, then the first pregnancy was due to an entirely different cause than the second. The plaintiffs were told that the first pregnancy resulted from their failure to wait a sufficient length of time before resuming marital relations without contraceptives. A second sperm check indicated that Mr. Karr was clinically sterile. Apparently, Mr. Karr's tubes grew back together and he became fertile again. The reconnection of the tubes may, or may not, have been caused by malpractice on the part of Dr. Williams. Since the second birth may be attributed to a different cause than the first, a reasonable person could not be expected to discover the alleged malpractice from the first birth. The plaintiffs should be allowed to present their proofs.

Affirmed in part, reversed in part and remanded for trial.