CITY OF MARYSVILLE v PATE, HIRN & BOGUE, INC

Docket No. 127058. Submitted April 23, 1992, at Detroit. Decided
September 9, 1992, at 9:10 A.M. Leave to appeal denied, 442
Mich —.

The City of Marysville brought an action in the St. Clair Circuit
Court in August 1983 against the engineering firm of Pate,
Hirn & Bogue, Inc., alleging malpractice and breach of contract
regarding defects discovered in October 1981 in the plaintiff's
waste-treatment facility. The facility had been designed and
constructed under the supervision of the defendant until May
1975, and accepted and occupied by the plaintiff in November
1973. The defendant moved for accelerated judgment, contend-
ing that the action was barred by MCL 600.5839; MSA
27A.5839, the statute of limitations governing claims against
architects and professional engineers, because it was brought
more than six years after the plaintiff accepted and occupied
the facility. The court, Ernest F. Oppliger, J., denied the
motion, ruling that the action was subject to the general
statute governing malpractice, MCL 600.5838; MSA 27A.5838.
The Court of Appeals affirmed. 154 Mich App 655 (1986). The
trial court subsequently granted summary disposition for the
defendant, ruling that the plaintiff's malpractice claim was
barred by § 5838, as amended by 1975 PA 145, effective July 9,
1975, because it was not brought within six months of the
discovery of the alleged malpractice. The court also ruled that
the claim of breach of contract was barred by MCL 600.5807(8);
MSA 27A.5807(8). The plaintiff appealed.

The Court of Appeals *held*:

1. Before being amended, § 5838 provided that a malpractice
claim had to be brought within two years of when a defendant
discontinued serving a plaintiff or within two years of when the
plaintiff discovered, or with reasonable diligence should have
discovered, the asserted malpractice. In the first appellate
decision in this case, the issue whether the plaintiff's malprac-
tice claim was subject to a two-year or a six-month discovery

REFERENCES
Am Jur 2d, Limitation of Actions § 146.
When statute of limitations begins to run on negligent design claim
against architect. 90 ALR3d 507.

period was not decided. Thus, the doctrine of the law of the case does not bar a ruling that the plaintiff's claim was subject to the two-year discovery period and that the trial court erred in granting summary disposition on the basis of the inapplicable six-month period. On remand, the trial court must determine whether the plaintiff's malpractice claim was timely under the two-year discovery rule.

2. The trial court correctly ruled that the plaintiff's claim of breach of contract was barred by the six-year period of limitation provided in § 5807(8).

Affirmed in part, reversed in part, and remanded.

LIMITATION OF ACTIONS — MALPRACTICE — STATE-LICENSED PROFESSIONALS.

A malpractice action against a state-licensed professional for alleged malpractice that occurred before July 9, 1975, must be brought within two years of when the defendant discontinued serving the plaintiff or within two years of when the plaintiff discovered, or with reasonable diligence should have discovered, the asserted malpractice; where the alleged malpractice occurred after July 9, 1975, the action must be brought within two years of when the defendant discontinued serving the plaintiff or within six months of when the plaintiff discovered, or with reasonable diligence should have discovered, the asserted malpractice (MCL 600.5838; MSA 27A.5838, as amended by 1975 PA 145).

*Nicholson, Fletcher, West & DeGrow, P.C.* (by *Michael L. West*), for the plaintiff.

*Sullivan, Ward, Bone, Tyler, Fiott & Asher, P.C.* (by *Michelle A. Thomas*), for the defendant.

Before: JANSEN, P.J., and MICHAEL J. KELLY and GRIFFIN, JJ.

PER CURIAM. Plaintiff, City of Marysville, appeals as of right from a February 20, 1990, order of the St. Clair Circuit Court granting summary disposition to defendant, Pate, Hirn & Bogue, Inc., on the ground that plaintiff's claim is barred by the applicable statute of limitations. MCR 2.116(C)(7). We reverse the order of the circuit court.

Plaintiff first contends that the two-year discovery rule of *Dyke v Richard,* 390 Mich 739; 213 NW2d 185 (1973), is the applicable limitation period in this case. Preliminarily, we must determine whether the parties' prior appeal in this case resolved this issue, thereby preventing our review under the doctrine of law of the case. See *City of Marysville v Pate, Hirn & Bogue, Inc,* 154 Mich App 655; 397 NW2d 859 (1986). We conclude that it did not.

The doctrine of law of the case provides that where an appellate court has ruled on a legal question and remanded a case for further proceedings, the legal question determined by the appellate court will not be determined differently in a subsequent appeal in the same case where the facts remain materially the same. *Toska v Campbell,* 155 Mich App 671, 674; 400 NW2d 617 (1986); *Locricchio v Evening News Ass'n,* 438 Mich 84, 109; 476 NW2d 112 (1991). This doctrine applies only to those questions determined by the appellate court's prior decision and to those questions that are necessary to the court's determination. *Toska,* p 674. The doctrine exists primarily to maintain consistency and avoid reconsideration of matters previously decided in the course of a single, continuing lawsuit. *Locricchio,* p 109. The doctrine merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit on their power. *Id.* The doctrine applies to issues resolved in interlocutory proceedings. *People v Freedland,* 178 Mich App 761, 770; 444 NW2d 250 (1989).

To resolve this preliminary issue, we must determine whether this Court, in *Marysville, supra,* specifically or necessarily determined that the applicable statute of limitations discovery period was six months rather than two years. After reviewing

that opinion, we conclude that this Court's prior decision did not specifically address whether a two-year or a six-month discovery period applies. Furthermore, whether the two-year or the six-month discovery period applies in the present case was not necessarily suggested by the holding in *Marysville.* Although this Court held that the trial court correctly applied the general malpractice statute of limitations, as opposed to Michigan's architect and engineer statute of limitations, it was not implied or necessarily suggested that the six-month discovery period applied. This Court concluded that, because further factual development was necessary regarding whether plaintiff's claim was barred by the general malpractice statute of limitations, the trial court did not err in denying defendant's motion for accelerated judgment with respect to plaintiff's malpractice claim. *Id.,* p 661. We hold that the doctrine of law of the case does not preclude our review of this issue.

Because we have held that the doctrine of law of the case does not prevent our review of the issue now raised by plaintiff, we must determine which is the applicable discovery period under the statute of limitations. Plaintiff argues that the six-month discovery period contained in MCL 600.5838(2); MSA 27A.5838(2), effective July 9, 1975, was not yet in existence when the alleged malpractice occurred, and, therefore, the cause of action would not be barred by the six-month discovery period. Rather, plaintiff asserts that, because the alleged malpractice occurred before the effective date of the amendment of MCL 600.5838; MSA 27A.5838, the rule in *Dyke, supra,* controls the accrual and discovery of its malpractice claim. We agree with plaintiff.

In *Dyke,* the Michigan Supreme Court held that an action based on the malpractice of a state-li-

censed person must be brought within two years of the time when that person discontinues treating or otherwise serving the plaintiff, "or within two years of the time when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the asserted malpractice, whichever is later." *Id.,* p 747. The preamendment version of MCL 600.5838; MSA 27A.5838 applies in cases where the alleged malpractice occurred before July 9, 1975, even though the basis of the action was not discovered until some time after July 9, 1975. *Goodwin v Schulte,* 115 Mich App 402, 410; 320 NW2d 391 (1982), citing *Boyer v Vandenbrink,* 98 Mich App 772; 293 NW2d 687 (1980).

In the present case, the alleged malpractice occurred before July 9, 1975, even though plaintiff did not discover the leakage problem at the treatment facility until October 1981. Plaintiff filed suit in August 1983, less than two years after discovering the leakage problem. As noted in a footnote to *Goodwin:*

> Thus, MCL 600.5838; MSA 27A.5838 is both an accrual and a tolling statute. The cause of action accrues when the malpractice actually occurs. Under *Dyke, supra,* the limitation period embodied in MCL 600.5805; MSA 27A.5805 is tolled until the malpractice is discovered or reasonably could be discovered. With the July 9, 1975, addition of § 2 to MCL 600.5838; MSA 27A.5838, the tolling period of the statute is reduced to six months from the two years established by *Dyke.* Nonetheless, since the action in *Boyer* actually accrued before the amendment, the old tolling period from *Dyke* was deemed applicable. [*Goodwin,* p 410, n 2.]

We hold that, because plaintiff's cause of action accrued before the amendment of MCL 600.5838; MSA 27A.5838, the old tolling period from *Dyke* is

applicable. The trial court erred in granting defendant's motion for summary disposition on the basis that plaintiff failed to file its complaint within six months of discovering the alleged design defects. A question of fact remains regarding whether plaintiff should have discovered, through the exercise of reasonable diligence, the alleged malpractice before the time of actual discovery. This question was not addressed by the trial court, because plaintiff admitted that suit was not brought within six months of discovery of the alleged defects and summary disposition was granted on this basis. This question can be addressed on remand.

Plaintiff also contends that the trial court erred in dismissing its claim of breach of contract. We find this issue to be without merit, because plaintiff's claim of breach of contract was barred by the six-year statute of limitations. MCL 600.5807(8); MSA 27A.5807(8).

Affirmed in part, reversed in part, and remanded. We do not retain jurisdiction.