*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

DERRIN TOREY ABBOTT,

       Defendant-Appellant.

UNPUBLISHED
August 4, 2022

No. 358844
Wayne Circuit Court
LC No. 16-006549-01-FC

Before: SHAPIRO, P.J., and RICK and GARRETT, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of conducting a criminal enterprise, MCL 750.159i(1), and multiple predicate offenses, including five counts of safe breaking, MCL 750.531.[1] The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to concurrent prison terms of 20 to 40 years each for the criminal-enterprise and safe-breaking convictions. In a prior appeal, this Court affirmed defendant's convictions and sentences.[2] In lieu of granting leave to appeal, the Supreme Court remanded the case to this Court to address whether Offense Variable 12 (OV 12), MCL 777.42 was properly scored for the sentencing offense and denied leave to appeal in all other respects.[3] On remand, this Court held that the sentencing offense was the criminal-enterprise conviction and that OV 12 was improperly scored. We vacated defendant's sentence for that offense and remanded the case to the trial court for resentencing on

---

[1] Defendant was also convicted of five counts of breaking and entering a building with intent to commit larceny, MCL 750.110, and five counts of possession of burglar's tools, MCL 750.116. He was sentenced to 10 to 20 years each for the breaking and entering and possession of burglar's tools convictions, all sentences to be served concurrently.

[2] *People v Abbott*, unpublished per curiam opinion of the Court of Appeals, issued April 12, 2018 (Docket No. 336332).

[3] *People v Abbott*, 504 Mich 851 (2019).

that offense only.[4]  The trial court resentenced defendant to 15 to 30 years' imprisonment for the criminal-enterprise conviction under the corrected sentencing guidelines; the 20 to 40-year sentences for the safe-breaking convictions remained the same.  Defendant appeals as of right, and we reverse and remand for resentencing as to all counts.

## I.  SCOPE OF RESENTENCING

Defendant argues that it was error for this Court to order resentencing as to the criminal-enterprise conviction only, as opposed to all convictions.  Defendant explains that resentencing for the criminal-enterprise conviction was inconsequential when he was not also resentenced for the safe-breaking convictions, for which he received a 20 to 40-year sentence consistent with the original sentence imposed for the criminal-enterprise offense.

Defendant's argument implicates the law of the case doctrine,[5] which provides that "an appellate court's determination of law will not be differently decided on a subsequent appeal in the same case if the facts remain materially the same."  *People v Kozyra*, 219 Mich App 422, 433; 556 NW2d 512 (1996).  The doctrine applies only to "issues actually decided, either implicitly or explicitly, in the prior appeal."  *Grievance Administrator v Lopatin*, 462 Mich 235, 260; 612 NW2d 120 (2000).  However, "[p]articularly in criminal cases, the law of the case doctrine is not inflexible and need not be applied if it will create an injustice."  *People v Phillips*, 227 Mich App 28, 33; 575 NW2d 784 (1997).  See also *Grace v Grace*, 253 Mich App 357, 363; 655 NW2d 595 (2002) ("The law of the case doctrine is discretionary and expresses the practice of the courts generally; it is not a limit on their power.").

In remanding to this Court to address whether OV 12, which concerns "contemporaneous felonious criminal acts," MCL 777.42(1), was properly scored, the Supreme Court ordered in pertinent part:

> In making this determination, the Court of Appeals shall consider whether the defendant committed three or more felonious criminal acts within 24 hours of the sentencing offense and whether the predicate offenses for the defendant's conviction of conducting a criminal enterprise constitute "the sentencing offense" or can be considered as contemporaneous felonious criminal acts for the purpose of scoring OV 12.  [*People v Abbott*, 504 Mich 851 (2019).]

Consistent with the Supreme Court's remand order, our prior decision in this case, *People v Abbott*, 330 Mich App 648; 950 NW2d 478 (2019), concerned only the scoring of OV 12.  We held that

> (1) the "sentencing offense" is the criminal-enterprise conviction, (2) the 21 dates listed on the felony information are the predicate offenses, which constitute the sentencing offense, (3) the predicate offenses cannot be considered contemporaneous felonious criminal acts for the purpose of scoring OV 12, and (4) defendant did not commit three or more contemporaneous felonious criminal acts

---

[4] *People v Abbott*, 330 Mich App 648; 950 NW2d 478 (2019).

[5] The prosecution did not file a brief in this appeal.

within 24 hours of the sentencing offense to justify the assessment of 10 points for OV 12. [*Id*. at 651.]

The OV 12 scoring error affected the minimum sentence guidelines range, and so defendant was entitled to resentencing per *People v Francisco*, 474 Mich 82; 711 NW2d 44 (2006). See *Abbott*, 330 Mich App at 658-659. Without explanation, however, we remanded to the trial "for resentencing of defendant's criminal-enterprise conviction only." *Id*. at 659.

After review of our prior decision, it is clear that the issue of what convictions defendant should be resentenced on was not raised or decided in *Abbott*, 330 Mich App 648. Nor was it necessary for us to decide that matter in order to resolve the OV 12 issue that was before us. See *Marysville v Pate, Hirn & Bogue, Inc*, 196 Mich App 32, 34; 492 NW2d 481 (1992) ("[The law of the case doctrine] applies only to those questions determined by the appellate court's prior decision and to those questions that are necessary to the court's determination."). Rather, we assumed that resentencing on the criminal-enterprise conviction, i.e., the sentencing offense, was all that was needed to remedy the erroneously calculated sentencing guidelines.[6] See *People v Douglas*, 191 Mich App 660, 662; 478 NW2d 737 (1991) (holding that the law of the case doctrine does not apply to issues assumed, but not decided, in the previous appeal). Accordingly, we conclude that the law of the case doctrine does not preclude us from considering defendant's argument in this appeal that he should be resentenced on all offenses.

This assumption made in *Abbott*, 330 Mich App 648, is understandable when one considers that the sentencing guidelines are scored only for offenses in the highest crime class, which in this case was the criminal-enterprise conviction.[7] See *People v Reynolds*, __ Mich ___, ___; ___ NW2d ___ (2021) (Docket No. 162331); slip op at 4. As this Court has explained, "[g]iven that the sentences are to be served concurrently, the guidelines range for the highest-crime-class offense would subsume the guidelines range for lower-crime-class offenses, and there would be no tangible reason or benefit in establishing guidelines ranges for the lower-crime-class offenses." *People v Lopez*, 305 Mich App 686, 691-692; 854 NW2d 205 (2014). Stated differently, the reason the lesser offense guidelines need not be scored is "because a shorter concurrent sentence for the lower-level offense would expire before the longer concurrent sentence for the higher-level offense . . . ." *Reynolds*, ___ Mich at ___; slip op at 5.

Accordingly, in most cases remanding for resentencing of the scoring offense only is harmless because as the offense belonging to the highest crime class, it will represent defendant's highest minimum sentence. But this case is an anomaly in that defendant received the same sentence for a lower-level offense, i.e., the safe-breaking convictions, that he did for the highest-level offense. As noted, the trial court originally sentenced defendant to 20 to 40 years' imprisonment for both the criminal-enterprise and safe-breaking convictions. Under the corrected guidelines range, the trial court resentenced defendant on remand to 15 to 30 years' imprisonment for the criminal-enterprise conviction. Because defendant was not resentenced on the safe-

---

[6] We note that a member of this panel was on the prior panel.

[7] Criminal enterprise is a class B offense. *Abbott*, 330 Mich App at 658; MCL 777.16i. Safe breaking is a class C offense. MCL 777.16y.

breaking convictions, however, he is now sentenced to a longer sentence for a lower-level offense, which was imposed according to an erroneously calculated guidelines range.

There are two principles that support resentencing a defendant on all counts when the sentencing guidelines are erroneously calculated. First, defendants have a right to be sentenced on accurate information. See MCL 769.34(10); *Francisco*, 474 Mich at 90. It is well settled that "a sentence is invalid if it is based on inaccurate information." *People v Miles*, 454 Mich 90, 96; 559 NW2d 299 (1997). And a guideline scoring error, resulting in an inaccurate guidelines range, constitutes inaccurate information that the trial court would have considered in sentencing as to each charge. Second, as explained by the Supreme Court, resentencing when a scoring error affects the guidelines range is required to ensure that a defendant is sentenced as intended by the trial court:

> Had the trial court been acting on the basis of the correct guidelines range, however, we simply do not know whether it would have been prepared to sentence defendant to [the original sentence]. Indeed, appellate correction of an erroneously calculated guidelines range will always present this dilemma, i.e., the defendant will have been given a sentence which stands differently in relationship to the correct guidelines range than may have been the trial court's intention. Thus, requiring resentencing in such circumstances not only respects the defendant's right to be sentenced on the basis of the law, but it also respects the trial court's interest in having defendant serve the sentence that it truly intends. [*Francisco*, 474 Mich at 91-92.]

In this case, the trial court sentenced defendant on all convictions based on an erroneously calculated guidelines range. There is no basis in the record to conclude that the trial court would have imposed the same sentences under the corrected guidelines range. Moreover, it is doubtful that the trial court intended to impose a higher sentence for safe breaking—a predicate offense— than for the criminal-enterprise conviction itself. To the contrary, the original sentence suggests that the trial court intended to impose the same sentence for those offenses.

In sum, the prior panel did not contemplate the unique circumstances of this case, where the trial court imposed for the same sentence for a lower-class crime offense that it did for the highest-class crime offense, pursuant to what was later deemed to be an erroneously calculated guidelines range. Accordingly, we remand for defendant to be resentenced on all of the non-criminal enterprise convictions.[8]

## II. THE SCORING OF OFFENSE VARIABLES

Defendant also argues that he is entitled to resentencing because three of his sentencing guidelines offense variables were erroneously scored on resentencing. Defendant challenges the scoring of OV 9 (number of victims placed in danger), OV 13 (continuing pattern of criminal

---

[8] This does not mean that the trial court must impose a different sentence for each count. But rather that the court must reevaluate the imposed sentences in light of the corrected guidelines range.

behavior), and OV 16 (value of stolen, lost, or damaged property). We affirm the challenged scorings.[9]

## A. OFFENSE VARIABLE 9

OV 9 addresses the number of victims, MCL 777.39(1), and, as applicable to this case, a score of 10 points is appropriate if there were "4 to 19 victims who were placed in danger of property loss." MCL 777.39(1)(c). The facts of this case provided a reasonable basis for the trial court to conclude that there were 4 to 19 victims who were placed in danger of property loss. The information listed numerous dates, from June 13, 2015 to March 21, 2016, during which defendant conducted a criminal enterprise by committing multiple offenses of breaking and entering and safe breaking. At trial, there was evidence supporting the predicate acts underlying the criminal-enterprise offense, including security surveillance video from several of the incidents. The evidence showed that several businesses sustained property damage and property loss, including Little Caesars at six different locations, Popeyes at two different locations, Church's Chicken, Kentucky Fried Chicken, Coin-O-Matic Laundromat, and Footlocker. Whether counted by business entity or business location, a preponderance of the evidence supports the trial court's finding that there were between 4 and 19 victims placed in danger of property loss. Contrary to defendant's argument, the trial court properly considered the conduct that formed the basis of the sentencing offense, which was conducting a criminal enterprise. Therefore, the trial court did not clearly err by finding that the evidence supported a 10-point score for OV 9.

## B. OFFENSE VARIABLE 13

OV 13 "is continuing pattern of criminal behavior." The trial court assessed 10 points for OV 13, which is appropriate if "[t]he offense was part of a pattern of felonious criminal activity involving a combination of 3 or more crimes against a person or property[.]" MCL 777.43(1)(d). All crimes within a five-year period, including the sentencing offense, must be counted, MCL 777.43(2)(a), and a pattern of criminal activity may be based on multiple offenses arising from the same event. See *People v Harmon*, 248 Mich App 522, 532; 640 NW2d 314 (2001).

Defendant does not dispute that he was convicted of five counts of breaking and entering, which is designated as a crime against property, MCL 777.16f. He argues, however, that he has no qualifying offenses against a person, such that a 10-point score would be proper. Defendant ignores, however, that he was also convicted of five counts of safe breaking, which is designated as a crime against a person, MCL 777.16y. Accordingly, because defendant has a combination of

---

[9] When reviewing a trial court's scoring decision, the trial court's "factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id.* When calculating the sentencing guidelines, a court may consider all record evidence, including the contents of a presentence report. *People v Thompson*, 314 Mich App 703, 708-709; 887 NW2d 650 (2016).

three or more qualifying offenses against a person or property, the trial court did not err by assessing 10 points for OV 13.

## C. OFFENSE VARIABLE 16

OV 16 addresses the value of "property obtained, damaged, lost, or destroyed." MCL 777.46(1). As applicable to this case, a score of 10 points is appropriate if "[t]he property had a value of more than $20,000.00." MCL 777.46(1)(d). A score of five points is appropriate if "[t]he property had a value of $1,000.00 or more but not more than $20,000.00." MCL 777.46(1)(e). We disagree with defendant that the evidence supports only a five-point score for OV 16. A loss-prevention manager for Footlocker provided information for a victim-impact statement, which detailed the business's loss of $8,532.88. While it was indicated in the presentence report that there was no contact information for any other complainants, restitution was recommended in the amount of $76.440.88. At trial, a regional loss-prevention manager for Little Caesars testified regarding the specific losses sustained at multiple Little Caesars's stores, which totaled nearly $67,000. Given this evidence, the trial court did not clearly err by finding that the "property obtained, damaged, lost, or destroyed" has a value of well over $20,000, and thereby assigning 10 points for OV 16.

We affirm the trial court's scoring of the OVs and the sentence imposed for the criminal-enterprise conviction. We vacate the sentences for defendant's other convictions and remand for resentencing of those offenses.

/s/ Douglas B. Shapiro
/s/ Michelle M. Rick
/s/ Kristina Robinson Garrett