*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHARTER TOWNSHIP OF LANSING,

        Plaintiff-Appellee,

v

INGHAM COUNTY CLERK,

        Defendant-Appellee,

and

CITY OF LANSING,

        Defendant-Appellant.

UNPUBLISHED
July 20, 2023

No. 363214
Ingham Circuit Court
LC No. 22-000560-CZ

Before: GADOLA, P.J., and MURRAY and MALDONADO, JJ.

PER CURIAM.

This appeal arises from a dispute between the Charter Township of Lansing and the City of Lansing as to whether the Ingham County Clerk was required to place proposals for the annexation of two separate areas of the township on the November 8, 2022, general election ballot for those electors residing within the boundaries of the areas sought to be annexed. The Ingham Circuit Court permanently enjoined the county clerk from placing the two annexation proposals on the November 8, 2022, ballot. The city now appeals as of right, and we affirm.

## I. BACKGROUND

The material facts are undisputed. The township comprises noncontiguous areas and shares borders with the city, the City of East Lansing, Delta Charter Township, and DeWitt Charter Township. The residents of two separate portions of the township, referred to as "islands" because the portions are completely surrounded by the city, made a written request to the city's mayor to be annexed to the city. On August 8, 2022, the city council adopted two resolutions to initiate the annexation of the two areas under MCL 42.34(3) of the Charter Township Act, MCL 42.1 *et seq*. MCL 42.34(3) provides, in relevant part, that "a portion of a charter township, which charter township is contiguous on all sides with a city or village, may be annexed by that city or village with the approval of a majority of the electors in that portion of a charter township." The city

-1-

council forwarded the ballot proposals contained in the resolutions to the county clerk to place the question of annexation on the November 8, 2022, election ballots of the electors in the areas sought to be annexed.

The township filed a complaint for injunctive relief, seeking to (1) temporarily restrain and preliminarily and permanently enjoin the city from violating § 34(3); and (2) temporarily restrain and preliminarily and permanently enjoin the county clerk from certifying the city's two annexation proposals for the ballot for the November 8, 2022 election. The township argued that the annexation proposals were not authorized by the plain language of § 34(3) because that section applies only when an entire township is surrounded by a city. It argued that because the entire township was not surrounded by the city, MCL 42.34(5)[1] provides the method for seeking annexation of a portion of a charter township contiguous to a city. The township then moved for a temporary restraining order (TRO) and preliminary injunction, seeking to enjoin the annexation proposals from being placed on the November 8, 2022 ballot.

The city opposed the township's motion, arguing that, under the last antecedent rule of statutory construction, the phrase "which charter township is contiguous on all sides with a city or village" was modified or restricted by the immediately preceding phrase "a portion of a charter township." Therefore, the city argued, "which charter township is contiguous on all sides with a city or village" refers to the portion of the township sought to be annexed rather than the entire township.

Following a hearing on September 6, 2022, the circuit court held that the procedure for annexation under § 34(3) is available only where a city or village entirely surrounds the charter township, which was not the situation before the court. The court issued an amended TRO the same day, ordering the city to show cause on September 22, 2022, as to why an injunction should not be issued.

The city filed an emergency application for leave to appeal the September 6, 2022, order in this Court and moved for immediate consideration. This Court granted immediate consideration but denied the application for leave to appeal "for lack of merit in the grounds presented." *Charter Twp of Lansing v Ingham Co Clerk*, unpublished order of the Court of Appeals, entered September 9, 2022 (Docket No. 362897).[2]

---

[1] MCL 42.34(5) provides:

> Notwithstanding subsections (1) and (3), *a portion of a charter township contiguous to a city* or village may be annexed to that city or village upon the filing of a petition with the county clerk which petition is signed by 20% of the registered electors in the area to be annexed and approval by a majority of the qualified and registered electors voting on the question in the city or village to which the portion is to be annexed, and the portion of the township which is to be annexed, with the vote in each unit to be counted separately. [Emphasis added.]

[2] Judge RONAYNE KRAUSE concurred, stating in relevant part:

At the show cause hearing on September 12, 2022, the circuit court acknowledged that this Court had denied the city's application for leave to appeal for lack of merit in the grounds presented. The court entered an order permanently enjoining the county clerk from placing the city's two annexation proposals on the ballot for the November 8, 2022, election. On September 30, 2022, the city filed this claim of appeal from the circuit court's September 12, 2022 order. The only issue raised by the city is the interpretation of MCL 42.34(3).[3]

## II. ANALYSIS

The city argues that the circuit court erred by concluding that the plain language of MCL 42.34(3) provides a procedure for annexation only where a city or village entirely surrounds the charter township. However, before doing so, we first address two important preliminary principles raised by the township: mootness and law of the case.

## A. MOOTNESS

The township argues that the city's appeal is moot. "Mootness is a threshold issue that must be addressed before any substantive issues in a case." *Davis v Secretary of State*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 362841); slip op at 8, citing *Can IV Packard Square, LLC v Packard Square, LLC*, 328 Mich App 656, 661; 939 NW2d 454 (2019). In *Adams v Parole Bd*, 340 Mich App 251, 259; 985 NW2d 881 (2022), this Court explained with respect to mootness:

> This Court's duty is to consider and decide actual cases and controversies. *Barrow v Detroit Election Comm*, 305 Mich App 649, 659; 854 NW2d 489 (2014) (citation omitted). Generally, this Court does not address moot questions or declare legal principles that have no practical effect in a case. *Id.* Mootness occurs when an event has occurred that renders it impossible for the court to grant relief. An issue is also moot when a judgment, if entered, cannot for any reason have a practical legal effect on the existing controversy. *Id.* (citation omitted). There is an exception, however, when an issue is publicly significant, likely to recur, and yet

---

I agree with the result reached by the majority. However, because the trial court's order failed to "set forth the reasons for its issuance," as required by MCR 3.310(C)(1), I would explain the reasoning for this Court's decision. The trial court correctly determined that the procedures for annexation under [MCL] 42.34(3) are only available where a city entirely surrounds the charter township, which is not the situation in this matter. Therefore, the City was instead required to follow the procedures under [MCL] 42.34(5), which require a petition signed by 20% of the registered electors in the portion of the charter township to be annexed. *Id.*

[3] On October 10, 2022, the city filed a bypass application in the Supreme Court seeking leave to appeal the September 12, 2022 order. The Supreme Court denied the application for leave to appeal prior to a decision by this Court. *Charter Twp of Lansing v City of Lansing*, ___ Mich ___ (2022).

likely to evade judicial review. *Id.* at 660 (citation omitted). [Quotations marks omitted.]

Here, the circuit court's order permanently enjoined the city from placing the two annexation proposals on the November 2022 election ballot, and there is no dispute that the election has occurred and that it is impossible to place the annexation proposals on the ballot for the November 2022 election. The issue presented is moot.

Nevertheless, the exception allowing review of a moot case that presents an issue of public significance that is likely to recur yet evade judicial review applies. See *Socialist Workers Party v Secretary of State*, 412 Mich 571, 582 n 11; 317 NW2d 1 (1982) ("Typically, these parties will raise the issue after a primary election in August. As here, they will rarely obtain appellate review before the general election takes place in early November. This, then, presents the classic situation where a controversy is " 'capable of repetition, yet evading review' ") (citation omitted), and *Davis*, ___ Mich App at ___; slip op at 1. In *Davis*, this Court noted that legal questions affecting election ballots, such as the requirements for affidavits of incumbency, "are the classic example of an issue that the courts will nevertheless review as matters of public significance that are likely to recur yet evade judicial review." *Davis*, ___ Mich App at ___; slip op at 8-9. Although emergency appellate review is available in election matters, as it was in this case, the ability to provide a more thorough review with a full explanation of any decision is not always possible. *Johnson v Bd of State Canvassers*, 509 Mich 1015, 1016; 974 NW2d 235 (2022) (ZAHRA, J., *concurring*) ("Election-law cases have very concrete deadlines that are necessary to facilitate the printing and distribution of ballots. The current process provides very little time between decisions of the Board of State Canvassers and the date ballots must be finalized for printing. In the present case, there were only eight days between the vote of the Board of State Canvassers and the date a disposition was needed from this Court. These cases can present substantial and complex questions of law, which generally require extensive briefing and cannot properly be resolved in a matter of days."). We therefore conclude that the fact that the issue is moot does not require dismissal of the appeal.

## B. LAW OF THE CASE

The law of the case doctrine provides that "if an appellate court has passed on a legal question and remanded the case for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same." *Rott v Rott*, 508 Mich 274, 286; 972 NW2d 789 (2021) (quotation marks and citation omitted). "Thus, as a general rule, an appellate court's determination of an issue in a case binds lower tribunals on remand and the appellate court in subsequent appeals." *Id.* (quotation marks and citation omitted). "The purpose of the doctrine is primarily to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." *Id.* at 286-287 (quotation marks and citation omitted). "[T]he doctrine applies only to issues *actually decided*, either implicitly or explicitly, in the prior appeal." *Id.* at 287 (quotation marks and citation omitted).[4] When an application for leave to appeal is denied

---

[4] In its discussion of the law of the case doctrine, the Supreme Court explained that the doctrine is not a limit on the power of the judiciary, but instead reflects the practice of courts to refuse to reopen what has already been decided. *Id.* at 287.

for failure to persuade the Court of the need for immediate appellate review, it is not a decision on the merits. *Id*. at 288-289.

As we recognized in *Pioneer State Mut Ins Co v Michalek*, 330 Mich App 138, 144; 946 NW2d 812 (2019), when an application for delayed appeal from a *final order* is denied for lack of merit in the grounds presented, it is a merits-based ruling that is governed by law of the case. That differs from an application for leave to appeal from an interlocutory nonfinal order that is denied for failure to persuade the Court of the need for immediate appellate review. We explained:

> In exercising the discretion afforded it when reviewing an application for leave to appeal, the Court has numerous options: it can grant the application and hear the case on the merits, deny the application, enter peremptory relief, or take any other action deemed appropriate. See MCR 7.205(E)(2). If the assigned panel determines that an application (late or otherwise) from a final order should be denied, the panel often—as was done here—indicates that it is for lack of merit on the grounds presented. *In contrast to interlocutory applications for leave to appeal from nonfinal orders, where the Court generally does not express an opinion on the merits,* applications for delayed appeal address whether to allow an appeal (filed after the 21-day period has elapsed) on a merits challenge to a final order. Hence, when we deny an application from a *noninterlocutory order* for lack of merit in the grounds presented, the order means what it says—it is on the merits of the case. Consistent with this conclusion, this Court has previously applied the law of the case doctrine to orders denying applications for lack of merit in the grounds presented. [*Id*. (emphasis added; quotation marks and citations omitted).]

Continuing, the *Pioneer* Court stated that "[i]f a panel decides to deny an application challenging an *interlocutory* nonfinal order, it typically uses language indicating that the application was denied because the Court was not persuaded that immediate appellate review was necessary. There is no merits language in those denial orders because no merits determination was made; instead, the panel has simply determined appellate intervention was not necessary at the time. As a result, parties are still free to challenge these interlocutory orders when appealing the final order." *Id*. at 144 n 6 (emphasis added).

Here, we are presented with a hybrid situation. With respect to the prior appeal, this Court entered an order denying the *interlocutory* application for leave to appeal for "lack of merit in the grounds presented." This language was used even though the appeal was from a nonfinal order. Nevertheless, the law of the case doctrine "applies only to those questions determined by the appellate court's prior decision and to those questions that are necessary to the court's determination." *Marysville v Pate, Hirn & Bogue, Inc*, 196 Mich App 32, 34; 492 NW2d 481 (1992). The grant of a temporary restraining order requires consideration of four factors: "(1) harm to the public interest if an injunction issues, (2) whether harm to the applicant in the absence of temporary relief outweighs the harm to the opposing party if relief is granted, (3) the strength of the applicant's demonstration that the applicant is likely to prevail on the merits, and (4) demonstration that the applicant will suffer irreparable injury if the relief is not granted." *Comm'r*

*of Ins v Arcilio*, 221 Mich App 54, 77-78; 561 NW2d 412 (1997). And, of course, the point of such a temporary order is to provide a hold on the dispute until a court can peacefully resolve it. *Hammel v Speaker of House of Representatives*, 297 Mich App 641, 647; 825 NW2d 616 (2012).

It is unclear from the prior panel's order on what basis the application was determined to lack merit. It could have been on the basis that irreparable harm was shown to support the issuance of a TRO, it could have been a determination that the trial court correctly found a substantial likelihood of success on the merits, or both rationales,[5] or something else.[6] Indeed, that the concurring judge stated a statutory basis for her vote places into question whether the other two judges voted for to deny that same reason. For this reason, law of the case does not bar our consideration of the merits, as we cannot discern the legal conclusions made by the prior panel, other than the challenge to the issuance of the TRO lacked merit. *Rott*, 508 Mich at 286-287.

## C. THE MERITS

The trial court properly concluded that MCL 42.34(3) does not apply to this annexation vote.

"The primary goal of statutory interpretation is to give effect to the Legislature's intent, focusing first on the statute's plain language." *Klooster v Charlevoix*, 488 Mich 289, 295; 795 NW2d 578 (2011). "If the statutory language is clear and unambiguous, judicial construction is neither required nor permitted, and courts must apply the statute as written." *USAA Ins Co v Houston Gen Ins Co*, 220 Mich App 386, 389; 559 NW2d 98 (1996). However, when an ambiguity exists, construction of the statute is appropriate. *Whitman v Burton*, 493 Mich 303, 312; 831 NW2d 223 (2013).

At issue is MCL 42.34, the statute governing annexation of charter townships to contiguous cities or villages. The purpose of MCL 42.34 is primarily to protect charter townships against annexation. *Shelby Charter Twp v State Boundary Comm*, 425 Mich 50, 61-63; 387 NW2d 792 (1986). The statute exempts charter townships from annexation if they meet certain statutory criteria, and also provides exceptions. The statute provides, in relevant part:

> (1) A charter township existing on June 15, 1978, or a township incorporated after June 15, 1978 as a charter township that complies with the following standards, is exempt from annexation to any contiguous city or village except as provided in subsections (2) to (8):

> \* \* \*

---

[5] In its application, the city challenged the TRO on these two bases.

[6] Some courts have even held that law of the case does not apply because of the different standards for a preliminary versus a permanent injunction. See, e.g., *Belair v City of Treasure Island*, 611 So2d 1285, 1289 (CA Fla, 1992) ("the City's argument that the law of the case has been established here is without merit. The fact that this court affirmed the trial court's previous order granting a temporary injunction does not prohibit an appeal on the order granting a permanent injunction involving the same facts.").

(3) Notwithstanding subsection (1), a portion of a charter township, which charter township is contiguous on all sides with a city or village, may be annexed by that city or village with the approval of a majority of the electors in that portion of a charter township.

* * *

(5) Notwithstanding subsections (1) and (3), a portion of a charter township contiguous to a city or village may be annexed to that city or village upon the filing of a petition with the county clerk which petition is signed by 20% of the registered electors in the area to be annexed and approval by a majority of the qualified and registered electors voting on the question in the city or village to which the portion is to be annexed, and the portion of the township which is to be annexed, with the vote in each unit to be counted separately.

The section at issue is § 34(3). The city argues that the phrase "which charter township is contiguous on all sides with a city or village" modifies the preceding phrase, "a portion of a charter township," such that the exception set forth in § 34(3) applies only if a *portion* of a charter township is contiguous on all sides with a city or village. The township argues that § 34(3) is clear and unambiguous—it authorizes annexation only where the entire charter township is contiguous on all sides with a city or village. The township argues that the phrase "which charter township is contiguous on all sides with a city or village" relates to and modifies the words "charter township," not the words "portion of a charter township." The township contends that in situations where a charter township is not surrounded, and the degree of contiguity is lower, the Legislature provided a more rigorous procedure for a proposed annexation in MCL 42.34(5).

Although the city cites a number of rules of grammar and statutory interpretation in an attempt to support its interpretation of § 34(3), the proffered rules of construction serve no purpose here because the language of § 34(3) is clear. The section first refers to a portion of a charter township, and then identifies what type of *charter township* is implicated: a charter township that is contiguous on all sides with a city or village. The restrictive phrase "which charter township is contiguous on all sides with a city or village" clearly refers to the term "charter township" in the prior phrase and defines the type of "charter township" that is subject to the exception set forth in the provision. The city's proposed construction would require either *ignoring* the repeated phrase "charter township" or *adding* the words "portion of a" between the word "which" and the phrase "charter township" in this restrictive phrase. "[I]t is important to ensure that words in a statute not be ignored, treated as surplusage, or rendered nugatory," *Robertson v DaimlerChrysler Corp*, 465 Mich 732, 748; 641 NW2d 567 (2002), and "nothing may be read into a statute that is not within the intent of the Legislature apparent from the language of the statute itself," *Detroit Pub Schs v Conn*, 308 Mich App 234, 248; 863 NW2d 373 (2014).

By its plain language, § 34(3) applies only where the *entire* township is surrounded by a city or village. In other words, if the charter township is not totally surrounded by a single city or

village, then § 34(3) does not provide a method for a city or village to annex a portion of the township.[7]

Affirmed.

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ Allie Greenleaf Maldonado

---

[7] Though we need not decide the issue, it appears that township residents of the affected areas are not without an avenue to seek annexation if the residents so desire. MCL 42.34(5) permits annexation of a portion of a township as long as *that* portion is contiguous to the city. Although the trial court stated that § 34(5) is the appropriate method for seeking annexation under these circumstances, we need not resolve that issue to decide this appeal.